COUNTY FEDERAL SAVINGS AND LOAN ASSOCIATION
*v.* EASTERN ASSOCIATES ET AL.

WESTPORT BANK AND TRUST COMPANY *v.*
EASTERN ASSOCIATES ET AL.
(3138)
(3142)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued December 13, 1984—decision released April 23, 1985

*Donald F. Reid* and *Thomas J. Ryan,* filed a brief for the appellant (defendant Marjorie Costa).

*Philip Baroff,* with whom was *Matthew B. Woods,* for the appellee (plaintiff in the first case).

*Richard J. Diviney,* with whom, on the brief, were *Frederick S. Ury* and *Daniel Glass,* legal intern, for the appellee (plaintiff in the second case).

DUPONT, C.P.J. The defendant Marjorie Costa appeals from two judgments of strict foreclosure rendered immediately after the trial court struck her special defenses filed in both cases. The sole issue, as raised and briefed by the parties in this combined appeal, is whether the defendant Costa alleged sufficient facts to support her special defenses of adverse possession.[1]

The plaintiffs, County Federal Savings and Loan Association (County) and Westport Bank and Trust Company (Westport), brought separate mortgage foreclosure actions against Eastern Associates, Inc., and Donald Coppola,[2] upon their default in the payment of three promissory notes. Costa was named as a defendant in the actions because she was in possession of the property and because she had obtained a prejudgment remedy of attachment of the realty in a separate action brought by her against Coppola.

The allegations in the special defenses of adverse possession differ in the two cases. That interposed in County's action states that Costa "acquired title . . . by adverse possession in that she has occupied said premises openly, notoriously, and continuously since November 1961 and adversely to the rights of any other party to this action." The allegations in Westport's action are simply that she obtained title by adverse possession and that her possession predates Westport's liens and encumbrances.

---

[1] Other special defenses were raised in Costa's answer and were also stricken by the trial court. Costa is deemed to have abandoned any issues arising from the striking of those defenses since she has not briefed them. *Sachem's Head Assn.* v. *Lufkin,* 168 Conn. 365, 366, 362 A.2d 519 (1975).

[2] Eastern Associates, Inc., and Donald Coppola are not parties to this appeal.

The underlying substantive question raised by the motions to strike cannot be decided without first addressing several procedural issues. The two actions came before the trial court in different procedural contexts. In County's foreclosure action, the plaintiff, by the time of trial, had denied the allegations of the special defenses, whereas in Westport's foreclosure action, the pleadings had not been closed at the time of trial since no reply had been made to the special defenses.

After denying the allegations of Costa's special defense, the plaintiff County, claimed the matter to the trial list. A trial commenced and, after County had put on its case and rested, it made an oral motion to strike the special defenses, in which Westport joined.[3]

A motion to strike special defenses made after an answer to the special defenses has been filed and made in mid-trial, after the plaintiff has rested, is improper. A motion to strike is a pretrial motion. Practice Book § 151. County's reply to the special defenses precluded it from moving to strike those defenses unless the court otherwise ordered. Practice Book §§ 112, 113. It was error to strike the special defense of adverse possession during the course of the trial when that defense had previously been generally denied by the plaintiff, County.

Unlike County, Westport would not usually be deemed to have waived its right to challenge the legal sufficiency of the special defense since it had not replied to the defense. Under the circumstances of this case, however, the granting of the motion was improper. Costa had appeared for trial and was prepared to present her defense. She had a justifiable expectation that

[3] The foreclosure actions were apparently consolidated for trial, and testimony was taken and findings made in both cases immediately prior to the making of the motions to strike.

she would be allowed to proceed with her case.[4] The rules pertaining to a motion to strike contained in Practice Book §§ 151 through 158 provide that an adverse party who objects to the motion shall have five days before the date the motion is to be considered on the short calendar to file and serve a memorandum of law. Further, if the motion is granted, the adverse party has fifteen days within which to file a new pleading.

Here, the motions to strike were oral and only subsequent to the judgments rendered were they filed in writing. The defendant had no opportunity to replead in the Westport case since judgment was rendered immediately following the granting of the motion to strike. The rules of practice relating to motions to strike evince a policy of allowing a litigant time to consider whether a new pleading should be filed. A party should not be rushed to trial without that opportunity.

This is particularly so where, as here, the special defense of adverse possession in the Westport case contained only the flat assertion of title by adverse possession. Although the special defense here could not withstand a motion to strike, allegations sufficient to state a legally cognizable defense of adverse possession were possible had the defendant been given her right to replead.

In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. *King* v. *Board of Education*, 195 Conn. 90, 93, 486 A.2d 1111 (1985); *Greene* v. *Metals Selling Corporation*, 3 Conn. App. 40, 42, 484

[4] This court is not suggesting that it is proper for the trial court to proceed to a trial on the merits where the pleadings are not closed. "The fact that the pleadings were not closed restricts the authority of the trial court to render permanent judgments on pending claims." *Doublewal Corporation* v. *Toffolon*, 195 Conn. 384, 391, 488 A.2d 444 (1985).

A.2d 478 (1984). The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided. *McAdam* v. *Sheldon,* 153 Conn. 278, 283, 216 A.2d 193 (1965). "The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner." *Roche* v. *Fairfield,* 186 Conn. 490, 498, 442 A.2d 911 (1982). The challenged special defense in Westport's case provided no allegations as to those essential elements and, therefore, the special defense was technically defective.

The rules of practice are designed so that technical and formal objections are raised at an early stage of the proceeding so that the pleader, if necessary, has an opportunity to amend or proceed anew. *McCoy* v. *Raucci,* 156 Conn. 115, 118, 239 A.2d 689 (1968). The defendant was not provided with an opportunity to make a reasoned choice as to whether she should replead and cure her defective pleading or stand on the pleading. The granting of a motion to strike and a judgment properly rendered because the party refused to plead over is a two step process with a built in time lag between the steps. Practice Book § 157; *King* v. *Board of Education,* supra, 92 n.2.

It was error in the Westport case for the trial court to grant the plaintiff's motion to strike, made during the trial, without allowing the defendant the time to resurrect, if she could, a special defense which might have been viable. It was error in the County case for the trial court to consider a motion to strike after the plaintiff had rested its case and after the plaintiff had, during the pretrial stage of the case, denied the allegations of the special defense in question.

There is error, the judgments for the plaintiffs in the two cases are set aside and the cases are remanded with direction to proceed in accordance with this opinion.

In this opinion the other judges concurred.