[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff Solomon Chernet asserts this action by way of his I mother Rebecca Chernet against defendants Town of Wilton and certain named officers and employees thereof for injuries Solomon Chernet sustained as a result of a near drowning in a pond at the Merwin Meadows Recreation Facility operated by the Town of Wilton. In count one, plaintiffs allege that Solomon Chernet was injured due to the defendants' negligence. In count two, plaintiffs allege that the pond was a nuisance. In count three, plaintiffs Rebecca, Lesan and Ahadu Chernet allege a cause of action based on bystander emotional distress. Lesan and Ahadu Chernet are Solomon Chernet's brothers. In court four, plaintiffs allege that the actions of the defendant Town of Wilton constituted unfair and deceptive acts in violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat.42-110a et seq. causing plaintiffs ascertainable losses. In count five, plaintiffs allege that the defendant Town of Wilton is vicariously liable for the negligence of its employees. In count six, plaintiffs allege that certain defendants engaged in reckless conduct.
Defendants move to strike counts three and four of plaintiffs' six count complaint on the ground that both counts are legally insufficient.
From the bench, the court granted defendants' motion to strike count three as to the two brothers, but denied the motion as to the mother.
A motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Bk. 152 (rev'd to 1978, as updated to 1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos, 196 Conn. at 108.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court "must take the facts to be those alleged in the complaint. . . and must construe the complaint in the manner most favorable to the CT Page 2353 pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36
(1987).
"In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action. . . ." County Federal Savings Loan Assn. v. Eastern Associates,3 Conn. App. 582, 585 (1985).
Defendant asserts three arguments that count four is legally insufficient to plead a violation of CUTPA. Defendant argues that : (1) CUTPA cannot be brought against a municipality; (2) CUTPA only applies to private business activities and (3) it is improper to base a CUTPA claim on what is essentially a negligence cause of action.
Because defendants' first and second arguments are essentially the same, the discussion of such has been combined.
 "[T]he history of the FTC Act is the lodestar for determining the scope of CUTPA." Connelly v. Housing Authority of New Haven, 213 Conn. 354, 363 (1990). In Connelly, the Supreme Court reviewed the seventy-five year history of cases decided under the FTC Act and was "unable to discover any instance in which that act has been applied to any act or practice of a local public agency. . ." Id. at 363-64. The court in Connelly granted summary judgment in favor of the defendant and held that defendant "a municipal housing authority [was] exempted from liability under CUTPA. . ." Id. at 365.
Metcalfe v. Town of Ridgefield, 1 CTLR 174, 175 (April 27, 1990, Flynn, J.) In Metcalfe, the plaintiff brought a CUTPA action against the Town of Ridgefield claiming that the Town's conduct in providing horseback riding lessons constituted an unfair and deceptive act. The Metcalfe court held that since the FTC Act has not been applied to a local public agency, it would not apply CUTPA to the Town of Ridgefield. The weight of the law suggests that CUTPA should not be applied to the defendant municipality in the instant case.
Defendants' third argument is that count four is legally insufficient because it is improper to base a CUTPA claim on what is essentially a negligence cause of action. Specifically, defendants contend that count four should be stricken because it alleges that the negligent behavior of the Town of Wilton constitutes an unfair and deceptive trade practice. CT Page 2354
Section 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. "42-110b(a) (rev'd to 1989).
 In determining whether a practice violates CUTPA [the court utilizes] the following criteria: "`(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers ([competitors or other businessmen)]."
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254
(1988). All three criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets all three. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987).
In the instant case, plaintiffs allege in count four that the unfair and deceptive act by defendants consisted of the following: (1) defendants were negligent as alleged in count one, (2) defendant Town of Wilton impliedly represented that the swimming pond was safe although they knew or should have known that it was not, and (3) defendants' conduct caused an ascertainable loss to the plaintiffs and can cause an irreparable loss to the plaintiffs and others in the future.
Plaintiff has not alleged facts to support a CUTPA claim but has merely recited the language of the CUTPA statute, specifically, "unfair and deceptive act or practice," in their allegations. The mere use of the words "unfair and deceptive" to describe defendants' acts of negligence or that the Town of Wilton impliedly represented that the pond was safe when they knew it was not, is insufficient to allege an actionable CUTPA claim. In order to withstand a motion to strike for legal insufficiency, plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy. The facts alleged here by plaintiffs are insufficient to raise such inferences. Consequently, for the foregoing reasons, defendants' motion to strike count four is granted.
CIOFFI, J. CT Page 2355