[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a wrongful termination of employment action in CT Page 2942 which the plaintiff, Diane K. MacLean, a registered nurse, is suing her former employer, Northeast Province of the School Sisters of Notre Dame in the State of Connecticut, Inc. (School Sisters), who conduct a long-term care facility for aged nuns in Wilton, referred to as Lourdes Health Care Center.
The complaint is in five counts, and the defendant School Sisters seeks to strike, Practice Book 152, counts one and five (motion #102).
The first count is entitled "tortious wrongful termination," and alleges that the plaintiff was hired by defendant on January 10, 1991, as director of health care; that she discovered a number of violations of federal and state laws and regulations in connection with controlled substances and prescription drugs; that the plaintiff informed the defendant about these conditions in an attempt to institute reforms of the various procedures regarding the procurement, control, and dispensing of drugs, and that she was directed to keep the conditions "secret." The complaint further alleges that the plaintiff "disobeyed her superiors' instructions" and advised the drug control division of the State of Connecticut Department of Consumer Protection about the conditions at the facility.
The plaintiff also claims that she requested that an agent of the drug control division visit the facility in Wilton for the purpose of evaluating compliance with federal and state laws and regulations, and that this also upset her employer. It is further alleged that on July 31, 1991, an agent of the drug control division supervised the destruction of the outdated drugs at the defendant's facility, and that on August 17, 1991, plaintiff's employment was terminated.
The first count alleges that her termination violated public policies of this state to preserve health and safety with respect to the use of drugs, and to safeguard the health and safety of patients. CT Page 2943
The second count further alleges a violation of General Statutes 19a-532, which prohibits a nursing home facility from discharging an employee for filing complaints about the operation of such a facility.
Count three claims a violation of General Statutes 31-51m. our so-called "whistle blowing" statute.
The fourth count refers to General Statutes 31-51q, which makes an employer liable for damages caused by the discharge of an employee who is exercising rights guaranteed by certain sections of both the United States and Connecticut's constitutions.
The fifth count charges that the defendant knowingly, intentionally, willfully and maliciously caused emotional harm and distress to the plaintiff.
The defendant has moved to strike count one on the theory that it has been Preempted by and duplicates the claims made in counts three and four, which are based on whistle-blowing and free speech. The defendant claims that the fifth count also fails to assert a cause of action, because an employee's exclusive remedy for injuries suffered while employed is the Workers Compensation Act General Statutes 31-275 et seq.
Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint, "that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book 152. See Gordon v. Bridgeport Housing, 212 Conn. 138, 142, 561 A.2d 432 (1989). The acts alleged in the challenged pleading are deemed admitted in a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Legal conclusions or opinions, however, "must flow from the subordinate facts provided." County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582; 585, 491 A.2d 401 (1985). The court construes the facts alleged in the complaint in the manner most favorably to the plaintiff. Gordon, supra, 170.
Count one asserts a claim for wrongful discharge based upon the standard common law remedy of an action in tort for damages, as recognized in Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 480, 427 A.2d 385 (1980). Defendant argues that this count is preempted by counts three and four and should be stricken because another adequate legal remedy is available.
When separate claims are possibly repetitious, the moving party may file a request to revise pursuant to Practice Book CT Page 2944 147. "Whenever any party desires to obtain . . . (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading . . . or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."
Further, count one is not preempted by counts two and three. Defendant cites Brotherton v. Burndy Corp., 2 CSCR 882
(November 12, 1990), in support of that proposition. However in Brotherton, summary judgment was granted on a claim for wrongful termination due to a failure to exhaust administrative remedies under the Occupational Safety and Health Act of 1970,29 U.S.C. § 660 (C)(1) [OSHA]. In addition, the Sheets claim is viable because the first count is based upon a different public policy of preserving the health and safety of those who use drugs and of patients. The public policy violations for counts three and four, however, are based on protection of employees from retaliation and preserving free speech respectively.
Count five is claimed by defendant to be barred by General Statute 31-290 (a), the "exclusivity" provision of the Workers' Compensation Act. The exclusivity of section 31-284 (a) of the act is properly raised by a motion to strike. See Jett v. Dunlap, 179 Conn. 215, 220, 425 A.2d 1263 (1979), where a judgment upon demurrer was upheld on the basis of exclusivity.
General Statute 31-284 (a) states: "All rights and claims between employer and employees, . . . arising out of the personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this; chapter . . ." Defendant argues that count five should be stricken because a claim for intentional infliction of emotional distress must be filed under the Workers' Compensation Act.
Connecticut courts, however, have consistently held that an exception to the "exclusive" remedy provided under General Statute 31-284 (a) arises when there is intentional misconduct by either (1) employees acting as the "alter ego" of the employer, or (2) where the employer has "directed or authorized the injury." Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, 533, 494 A.2d 555 (1985). Intentional misconduct is defined as an "injury inflicted intentionally without just cause or excuse . . . It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional." Mingachos v. CT Page 2945 CBS, Inc., supra at 91.
The issue is whether the plaintiff has avoided the exclusive nature of General Statutes 31-284 by pleading facts sufficient to show intentional misconduct by the defendant. Paragraph 25 of count five of the complaint states: "[B]y the extreme and outrageous acts of harassment and retaliation described above, defendants [Sisters School] knowingly, intentionally, willfully and maliciously subjected the plaintiff to extreme emotional harm." Thus, the plaintiff has sufficiently pleaded the intent of the employer-defendant necessary to avoid or bypass the exclusivity of the Workers' Compensation Act, and therefore the motion to strike count five is denied.
So Ordered.
Dated at Bridgeport, Connecticut this 3rd day of March, 1992
WILLIAM B. LEWIS, JUDGE