[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action seeking payment of a promissory note executed by the corporate defendant and to foreclose a mortgage on property owned by the individual defendants and used to secure two guarantees of payment of the note. The loan agreement, note, mortgage and guarantees have all been attached as Exhibits to the Complaint. The plaintiff has moved to strike the nine special defenses filed by the individual defendant.
The plaintiff moves to strike the First, Sixth, Seventh, CT Page 10709 Eighth and Ninth Special Defenses on the ground that defendants have failed to allege any facts to substantiate any of the claimed defenses. The Special Defenses allege the following:
FIRST SPECIAL DEFENSE
 The plaintiff fails to state a claim upon which relief may be granted.
SIXTH SPECIAL DEFENSE
 The bank's attempt to gain payment breaches any alleged agreements with the defendants Lawrence J. Smith and Gloria J. Smith.
SEVENTH SPECIAL DEFENSE
 The complaint is barred to the extent that the bank has failed to mitigate its alleged damages.
EIGHTH SPECIAL DEFENSE
 The complaint is barred in whole or in part by the doctrine of latches, in pari delicto, unclean hands, waiver and estoppel.
NINTH SPECIAL DEFENSE
 The defendants, Lawrence J. Smith and Gloria J. Smith, reserve the right to supplement the foregoing Special Defenses upon discovery of further information regarding the complaint.
Practice Book 164 defines a Special Defense as "`[f]acts which are consistent with (the allegations of the complaint) but show, notwithstanding, that (the plaintiff) has no cause of action . . .'." Second Exeter Corporation v. Epstein, 5 Conn. App. 427,429 (1985), cert. denied, 198 Conn. 802 (1986). "The legal conclusions or opinions stated in the Special Defense are not deemed admitted, but rather must flow from the subordinate facts provided." County Federal Loan Assn. v. Eastern Associates,3 Conn. App. 582, 586 (1985). When a special defense provides no allegations as to the essential elements, the special defense is technically defective. Id. CT Page 10710
The allegations contained in the above quoted special defenses do not set forth any facts but merely state legal conclusions.
Accordingly, the Motion to Strike the First, Sixth, Seventh, Eighth and Ninth Special Defenses is hereby granted.
The plaintiff also asserts that the Second, Third, Fourth, and Fifth, Special Defenses are legally insufficient to establish a defense to the plaintiff's claim. The Special Defenses allege the following:
SECOND SPECIAL DEFENSE
 The bank never properly presented the alleged promissory note for payment.
THIRD SPECIAL DEFENSE
 The defendants, Lawrence J. Smith and Gloria J. Smith did not receive timely notice that the alleged promissory note had been presented for payment.
FOURTH SPECIAL DEFENSE
 The defendants, Lawrence J. Smith and Gloria J. Smith did not receive timely notice that there was a purported default on the alleged promissory note.
FIFTH SPECIAL DEFENSE
 The bank waives its right to presentment on sight when it failed to properly and timely present the alleged promissory note for payment.
The plaintiff argues that the attacked Special Defenses are legally insufficient to constitute a defense to the action because the individual defendants waived all of these claims according to the terms of their guarantees. The guarantees signed by the individual defendants, and attached to the complaint, contain the following provision:
 The undersigned hereby waives demand of payment, presentment of an instrument, protest, and notice of nonpayment or protest and of your acceptance of this CT Page 10711 guarantee and of any loans made, extensions granted or any other action taken in reliance hereon and all other demands and notices of any description in connection with this guarantee, the liabilities or otherwise.
In an absolute guarantee, where the guarantors expressly waive all demand and notice of protest, demand upon the guarantors is not necessary in order to hold them liable under the guarantee. Savings Bank of New Britain v. Weed, 121 Conn. 414, 419 (1936); see also General Statutes 42a-3-511; 1991 Public Acts 304 61.
The defendants' sole claim with respect to the Motion to Strike is based upon an assertion that the Motion to Strike attempts incorporate facts outside of the Special Defenses. However, the loan agreement, note, mortgage and guarantees are all attached to the complaint and therefore constitute part of the pleadings. Accordingly, the Motion Strike the Second, Third, Fourth and Fifth Special Defenses is hereby granted. See, Security Savings and Loan Association v. Magnum Development, 5 CTLR 25 (September 20, 1991, Santos, J.); Bell Atlantic Tricon Leasing Corp. v. Southern Connecticut Sewer Water Co., Inc., 1 Conn. L. RPTR. 669 (May 25, 1990, Hartmere, J.).
RUSH, J.