[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CLAIM THAT POLICE OFFICER AND CITY ARE LIABLE FOR NEWSPAPER PUBLISHING WRONG NAME OF ARRESTEE
Plaintiff Brian Houlihan filed a revised complaint on June 17, 1992 against defendants Milford Police Officer Edward Kelly (Kelly), the City of Milford (city) and Buyer's Guide, Inc., d/b/a the Milford Mirror (the newspaper). He alleges that on June 28, 1991 an individual by the name of Kevin Schiff was arrested by Kelly for larceny and possession of drug paraphernalia and that, at the time of arrest, Schiff identified himself as Brian Houlihan. The plaintiff further alleges that: CT Page 400 after personally appearing at the Milford Police Department and correcting this error of identification, Kelly published to the local newspaper, Buyer's Guide, Inc., d/b/a the Milford Mirror, information that the plaintiff was arrested and charged with larceny and possession of drug paraphernalia. It is further alleged that the newspaper published this information to the public.
With respect to defendant Kelly, count one of the revised complaint alleges negligence and count two alleges recklessness. With respect to defendant city, count three of the revised complaint alleges negligence and count four alleges recklessness. Counts five, six and eight seek indemnification under General Statutes 7-465 and 7-101a, if the defendant Kelly becomes obligated to pay as a result of a verdict against him on counts one and two. Count seven alleges that Kelly is liable for libel per se, in that he acted with malice. With respect to defendant newspaper, count nine alleges malice, count ten alleges negligence and count eleven alleges recklessness.
The plaintiff claims: (1) money damages; (2) punitive damages as to the fourth and sixth counts; and (3) such other relief as the court deems fair and equitable.
Defendants Kelly and the city filed a motion to strike and supporting memorandum of law on June 29, 1992. In their motion to strike the defendants move to strike counts one through eight of the revised complaint on the grounds that they are legally insufficient and fail to state a cause of action upon which relief may be granted.
On August 12, 1992, the plaintiff filed a timely objection to the defendants' motion to strike, as prescribed by Practice Book 155. The plaintiff argues first that Officer Kelly's duty to prevent the resulting harm to the plaintiff falls within an exception to the doctrine of governmental immunity, and second that count seven of the revised complaint clearly alleges malice pursuant to General Statutes 52-237.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 108, 491 A.2d 368
(1985). "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of [a] complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book 152. "In . . . ruling upon [a] motion to strike [courts] are limited to CT Page 401 facts alleged in the complaint"; King v. Board of Education of the Town of Watertown, 195 Conn. 90, 93, 486 A.2d 1111 (1985); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990), quoting Fraser v. Henninger,173 Conn. 52, 60, 376 A.2d 406 (1977). The test is "whether, if the facts alleged are taken to be true, the allegations provide a cause of action. . . ." County Federal Savings and Loan Ass'n v. Eastern Associates, 3 Conn. App. 582, 585, 491 A.2d 401 (1985). If "the facts provable under [the] complaint would support a . . . cause of action," the motion shall be denied. Mingachos v. CBS, Inc., supra, 108-09. Yet "where [the] . . . complaint alleges legal conclusions unsupported by facts" the motion shall be granted. Mora v. Aetna Life and Casualty Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988).
The defendants argue that Kelly and the city were performing discretionary duties and are entitled to governmental immunity. Furthermore, they claim that none of the exceptions to the doctrine of governmental immunity are applicable in this case. Lastly, they argue that since Kelly is not liable to the plaintiffs, the city cannot be found liable under the indemnification statutes; General Statutes 7-465 and 7-101a.
The plaintiff argues that once the defendants undertook to issue the press release, a duty was owed specifically to the plaintiff to make certain that the information was accurate. Furthermore, he argues that Kelly's failure to act or correct the press release subjected an identifiable person to imminent harm and that their duty to prevent this harm falls within the first exception to the doctrine of governmental immunity.
"`A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. (Citation omitted.)'" Kolaniak v. Board of Education,28 Conn. App. 277, 280 (1992), quoting Heigl v. Board of Education, 218 Conn. 1, 4-5, 587 A.2d 423 (1991). "Notwithstanding the procedural posture of a motion to strike, [our] courts [have] approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1207
(1988). "To survive a motion to strike, the court must determine that the defendants owed a duty to the plaintiff. . . . The existence of this duty is a matter for the court to decide, not a jury." Id., 171. "It is only proper to attack CT Page 402 the complaint as legally insufficient on the ground of governmental immunity if `it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff." Ney v. Waterbury Board of Education, Superior Court, judicial district of Waterbury, Docket No. 101116 (May 20, 1992), quoting Brown v. Branford, 12 Conn. App. 106,111, 529 A.2d 743 (1987).
The starting point of municipal liability analysis begins with the public duty doctrine:
 `[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it properly, is an individual wrong, and may support an individual action for damages.'
Gordon v. Bridgeport Housing Authority, supra, 166, quoting Shore v. Stonington, 187 Conn. 147, 444 A.2d 1379 (1982).
 In the application of [the public duty doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.
Roman v. Stamford, 16 Conn. App. 213, 220, 547 A.2d 97 (1988), CT Page 403 aff'd, 211 Conn. 396, 559 A.2d 710 (1989), quoting Leger v. Kelley, 142 Conn. 585, 590-91 (1955).
If the duty involved is a public one, the issue of liability may turn upon whether the act in issue was ministerial or discretionary. Id., 221. "The word `ministerial' `refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.'" Fraser v. Henninger,173 Conn. 52, 60, 376 A.2d 406 (1977), quoting Wright v. Brown, 167 Conn. 464, 471, 356 A.2d 176 (1975). "`Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature.'" Gordon v. Bridgeport Housing Authority, supra, 167, quoting Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982).
"`[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act. . . . (Citation omitted.)'" Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131 (1989), quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977).
Nevertheless, once the duty owed is deemed to be public, liability attaches in two situations: (1) if the act complained of is ministerial; or (2) if one of the exceptions to the doctrine of governmental immunity applies. Roman v. Stamford, supra.
 [There are] three exceptions of circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or a municipal officer for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure rather than negligence. . . .
Evon v. Andrews, supra. CT Page 404
In the present case, Kelly published the plaintiff's name, together with the information regarding the arrest for larceny and possession of drug paraphernalia, to the local newspaper. That newspaper, in turn, published the same information to the public on July 18, 1991, almost three weeks after the plaintiff personally appeared at the Milford Police Department to correct the error in identification.
The defendants argue that none of the exceptions to the doctrine of governmental immunity apply. The plaintiff argues that the defendants' failure to act or correct the press release subjected an identifiable person to imminent harm and that this constitutes an exception to the governmental immunity doctrine.
The court finds that the plaintiff has sufficiently alleged facts from which the court could find that he was affected in a manner different in kind from the public at large. Therefore, since the defendants' failure to act falls within an exception to the governmental immunity doctrine, defendants' motion to strike counts one through four of the revised complaint is denied.
Furthermore, "in a suit under 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987). Since the denial of the motion to strike with respect to counts one and two exposes defendant Kelly to potential liability, the defendants' motion to strike counts five, six and eight of the revised complaint is denied.
In count seven of the revised complaint, the plaintiff alleges that Kelly is liable for libel per se, in that he acted with malice. The defendants argue in support of their motion to strike count seven that the plaintiff has not alleged that he ever made a written request for a retraction to Kelly or that Kelly himself failed to make a retraction within a reasonable time. The defendants therefore argue that because the plaintiff has failed to allege such a retraction, count seven must be stricken. The plaintiff argues in opposition to the motion that the defendants misread the controlling statute (General Statutes52-237) and that in any event count seven does allege that the defendant libeled the plaintiff with malice. CT Page 405
General Statutes 52-237 states in pertinent part that:
 [U]nless the plaintiff proves either malice in fact or that the defendant, after having been requested by him in writing to retract the libelous charge, in a public manner as that in which it was made, failed to do so within a reasonable time, he shall recover nothing but such actual damage as he may have specially alleged and proved. (Emphasis added.)
In the present case count seven of the revised complaint alleges Officer Kelly's liability for libel per se and that Kelly acted maliciously by: (1) failing to make a reasonable and careful investigation before publication; and (2) failing to correct the report in a timely manner. (Emphasis added.) (Revised Complaint, Seventh Count, p. 11).
Inasmuch as the seventh count of the revised complaint alleges malice, defendants' motion to strike the seventh count of the revised complaint is denied.
Clarance J. Jones Judge