[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 27, 1993, the plaintiff, Rodney Oppel, filed a two-count amended complaint against the defendants, Cardinal Engineering Associates, Inc. ("Cardinal") and Joseph F. Kelly Company ("Kelly"). The complaint alleges the following facts. During 1991 the Davis Street Bridge in Hamden, Connecticut, was under construction and repair. Kelly was the general contractor on the Davis Street Bridge Project, and Cardinal was the CT Page 7536 consulting engineer. The plaintiff was a construction worker on the project. On July 27, 1991, a section of the bridge collapsed while it was being dismantled. As a result the plaintiff fell into the water, was pinned there by a large metal weight, and suffered numerous injuries.
In count one the plaintiff alleges that his injuries were caused by the negligence of Kelly and/or its employees. In count two he alleges that his injuries were caused by the carelessness of Cardinal and/or its employees "in the negligent preparation of the design plans and specifications for the dismantling of the Davis Street Bridge." (Amended Complaint, Second Count, para. 8) The plaintiff then identified the ways in which the plans and specifications were negligently prepared.
On June 11, 1993, Cardinal filed an Amended Motion to Strike and accompanying memorandum of law on the ground that the amended complaint states a claim against Cardinal that is barred by the Workers' Compensation Act. On June 23, 1993, the plaintiff filed an objection to the motion to strike and a memorandum of law.
Although the motion to strike is directed to the entire complaint, the ground stated in the motion only applies to defendant Cardinal. Because count two is the only count that applies to Cardinal, this memorandum will focus on count two.
The motion to strike tests the legal sufficiency of a complaint. Practice Book 152. In ruling on a motion to strike the court admits all facts well pleaded; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985); and construes them in the light most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). The motion to strike should be denied when the facts alleged, if proven, state a cause of action. County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 585, 491 A.2d 401 (1985).
Cardinal argues that General Statutes 31-293(b) bars the plaintiff's claim against Cardinal. General Statutes 31-293(b) provides in relevant part:
 [N]o construction design professional who is retained to perform professional services on a construction project . . . shall be liable for any injury on the construction project for which CT Page 7537 compensation is payable under the provisions of this chapter. . . . The immunity provided by the subsection to any construction design professional shall not apply to the negligent preparation of design plans or specifications.
Cardinal argues, therefore, that workers' compensation is the plaintiff's exclusive remedy. "[A] claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense." Grant v. Bassman,221 Conn. 465, 472, 604 A.2d 814 (1992).
A special defense pleads facts which are consistent with the allegations of the complaint but show that the plaintiff has no cause of action. Practice Book 164. The immunity claimed by Cardinal under the workers' compensation statute should be pleaded as a special defense. Accordingly, Cardinal's motion to strike is denied.
Howard F. Zoarski, Judge