[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Dziekan, alleges the following facts in his amended complaint filed August 3, 1993. On April 9, 1992 the plaintiff's automobile was struck by an automobile driven by Michael Grandpre, causing the plaintiff to suffer various personal injuries. Prior to the accident, Grandpre was a customer at Sean Patrick's Green Derby Care. The plaintiff alleges that he was served alcoholic beverages by the defendants, the backer and permittee of Sean Patrick's, while he was intoxicated. The first count seeks recovery under the Dram Shop Act, General Statutes 102. The second count sounds in recklessness, and repeats the allegations of the first count plus adds the following two additional allegations: that defendants, or their agents, recklessly served Grandpre while he was in an intoxicated state; and that defendants, or their agents, served Grandpre alcohol when they knew he was already intoxicated.
Defendants now move to strike the second count on the ground that plaintiff has not sufficiently pleaded a cause of action in recklessness. Plaintiff objects to the motion, claiming that he has sufficiently pleaded an action in recklessness.
In deciding a motion to strike, the court accepts as true all well-pleaded allegations, and construes them in plaintiff's favor. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 664 (1992). Although the motion does not admit legal conclusions or opinions, it does admit all facts necessarily implied under the allegations of the complaint. Id.
Defendants correctly argue that the "reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Brock v. Waldron, 127 Conn. 79,81 (1940). Defendant claims that the plaintiff has simply repleaded his negligence allegations from his Dram Shop claim in the first count to support his recklessness count. Plaintiff, however, has not simply realleged his negligence allegations and labelled it recklessness; he has added the allegation that the defendants served Grandpre alcohol when they knew that he was CT Page 9932 already intoxicated. The issue, therefore, is whether the naked allegation that defendants knew Grandpre was intoxicated is a sufficient basis for a recklessness claim.
Numerous Superior Court decisions have held that complaints which allege that a defendant served alcohol to an obviously intoxicated person, or one who was loud, boisterous and argumentative, sufficiently state a cause of action in recklessness. See, e.g., Shift v. My Brother's Place Ltd.,8 Conn. L. Rptr. 424, 425-26 (March 5, 1993, Higgins, J.), and cases cited therein; Castillo v. Brito, 5 Conn. L. Rptr. 201, 203-04, (October 28, 1991, Hennessey, J.) (patron was loud, boisterous and argumentative); Coble v. Maloney, 2 Conn. L. Rptr. 751 (November 16, 1990, McWeeny, J.) (patron was obviously intoxicated).
These cases are examples of complaints which plead facts to demonstrate how the defendant would have known that the individual was intoxicated, as opposed to simply pleading the conclusion. Plaintiff must plead facts from which the conclusion can be drawn that defendants knew of Grandpre's intoxication. While facts alleged are deemed admitted on a motion to strike, the "opinions . . . are not deemed admitted, but rather must flow from the subordinate facts provided." (Citation omitted.) County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 586
(1985); see also 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.), 116C. An allegation that defendants "knew" the individual was intoxicated, without more, is insufficient. See, e.g., Shift, supra, (allegation that server knew individual was intoxicated is insufficient for recklessness; must plead additional facts such as "obviously intoxicated."); Muckle v. Francis, 7 Conn. L. Rptr. 230, 233 (August 13, 1992, Leuba, J.) ("plaintiff must plead actual facts which indicate that the defendant knowingly served an intoxicated patron, not just conclusions.")
Plaintiff's recklessness count only pleads the conclusion that defendants' "knew" of Grandpre's intoxication, but no subordinate facts from which that knowledge could be inferred. The second count is therefore legally insufficient and defendants' motion to strike that count is granted.
Defendants also move to strike the claim for "double and treble damages" in the prayer for relief. Plaintiff has not objected to this, and at oral argument admitted this claim was improper. The claim for double or treble damages is therefore stricken. Defendants also seek to strike plaintiff's claim for CT Page 9933 punitive damages in the prayer for relief. Plaintiff admits in his memorandum, and stated again at oral argument, that the claim for punitive damages is based solely on the recklessness claim in the second count. That claim has been determined to be legally insufficient, and the claim for punitive damages, therefore, must likewise fail. Accordingly, defendants' motion to strike is granted in its entirety.
Howard F. Zoarski, Judge