[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
In this case, plaintiff Connecticut Light and Power Company ("CLP) has appealed to this Court from the final decision of the State Department of Public Utilities Control (DPUC) on two parallel but conflicting Petitions for Declaratory Ruling regarding the application of General Statutes § 16-243e, Connecticut's so-called "municipal rate statute," to the Electrical Energy Purchase Agreement between CLP and the Southeastern Connecticut Regional Resources Authority ("SCRRRA"), the Connecticut Resources Recovery Authority ("SCRRA"), Air Products and Chemicals, Inc., and American Ref-Fuel Company of Southeastern Connecticut (collectively, "the Sellers"). In the Sellers' Petition, which was dated March 22, 1994, the Sellers requested that the DPUC rule that CLP must pay the "Municipal Rate," as described in Section 16-243e, for that portion of the total energy which the Sellers deliver to CLP which corresponds to the fraction of the total municipal solid waste ("MSW") provided by towns within CLP's franchise area, regardless of whether these towns are members of SCRRRA. In its own Petition, which was dated March 29, 1994, CLP requested that the DPUC rule that Section 16-243e does not apply to electricity derived from MSW originating in municipalities that are CLP retail customers but are neither members of SCRRRA nor parties to long-term MSW disposal contracts with SCRRRA. On April 20 1994, the DPUC issued a final decision granting the Sellers' Petition and denying CLP's Petition.
On this appeal, CLP asserts that the DPUC's decision on the above-described Petitions for Declaratory Ruling was erroneous, because in reaching that decision the DPUC "unreasonably broadened [the] scope of application [of Section 16-243e] to include electricity derived from MSW of municipalities that are neither members of SCRRRA nor parties to bona fide long-term MSW disposal contracts with SCRRRA." Appeal, ¶ 21, p. 10. On that basis it claims, inter alia, that this Court must CT Page 11985
 (i) Reverse the D[PUC]'s Decision and order that [General Statutes] § 16-243e
does not apply to electricity derived from solid waste of municipalities that are neither members of the SCRRRA project nor parties to long-term NSW disposal contracts with SCRRRA.
Id., Prayer for Relief, p. 11.
In its answer to the plaintiff's appeal, the DPUC has asserted waiver, laches and res judicata as its three special defenses. The four Sellers, who are also defendants in this action, have similarly asserted these same special defenses in their joint answer dated July 29, 1994.
The plaintiff has now moved this Court to strike each of the defendants' special defenses on the ground that none of them is sufficient as a matter of law to bar this appeal. The plaintiff claims, more particularly, that each such defense is legally insufficient because it was not a ground relied upon by the DPUC as a basis for the decision here appealed from. Plaintiff's Memorandum of Law in Support of Motion to Strike, pp 2-3.
 I.
The purpose of a motion to strike is to test the legal sufficiency of a challenged pleading to state a claim on which relief can be granted. Baskin's Appeal from Probate, 194 Conn. 635,640 (1984). When the pleading at issue is a special defense, the question presented to the Court is "whether, if the facts alleged are taken to be true, the allegations provide a . . . defense." County Federal Savings Loan Association v EasternAssociates, 3 Conn. App. 582, 585 (1985).
In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleading. King v. Board ofEducation, 195 Conn. 90, 93 (1985). Construing those facts, to the exclusion of all others, in the light most favorable to the pleader, the court must determine whether or not proof of those facts at trial would establish a valid defense to one or more of the opposing party's claims or causes of actions. Sheiman v.Lafayette Bank Trust Co., 4 Conn. App. 39, 42 (1985). Unless, so construed, they would not, the motion to strike must be denied. CT Page 11986
 II.
In support of the instant Motion, CLP argues that each of the defendants' special defenses is legally insufficient because no such defense was cited by the DPUC as an independent basis either for denying its own Petition for Declaratory Ruling or for granting the parallel Petition of the defendant Sellers. So presented, this claim does not afford this Court a proper basis for granting the pending Motion, for instead of challenging the defendants' special defenses on their face, it relies materially upon extrinsic facts — specifically, the contents of the DPUC's April 20, 1994 decision — to show that those defenses are legally unavailable in the context of this case.
A motion to strike, to reiterate, tests only the legal sufficiency of a challenged pleading as that pleading has been drafted and submitted. It cannot properly be used to test the substantive merits of the claims set forth in that pleading, at least when a proper decision on the merits cannot be made without considering facts outside the pleading itself. Here, then, since the instant Motion tests not the theoretical sufficiency of the defendants' special defenses as they have been pleaded, but the merits of those defenses in the broader procedural context of this case, the Motion must be denied so that the issues therein presented can be adjudicated by the trial court when the case is decided on the merits.
It is so ordered this 30th day of November, 1994.
Michael R. Sheldon, Judge