[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS
On July 22, 1994 the plaintiff, Denis S. Jewett, filed a nine count amended complaint against the defendants, General Dynamics Corporation (GDC), plaintiff's employer; Walter H. Lord, the vice president of quality at GDC; and Robert H. Nardone and John E. Fogarty, managerial employees in GDC's human resources department. The plaintiff alleges that the defendants infringed on a number of his rights when he received a demotion from his job as director of nuclear quality control to a non-supervisory engineering position. The CT Page 12536 plaintiff's complaint pleads claims for violations of the Connecticut and United States constitutions, intentional infliction of emotional distress, defamation, breach of contract, failure to honor employee handbook provisions, negligence, negligent misrepresentation and tortious interference with contractual relations.
On August 3, 1994 the defendants filed an answer to the amended complaint along with their special defenses. On August 11, 1994 the plaintiff filed a motion to strike, requesting this court to strike all of the defendants' special defenses because "they allege merely legal conclusions, without setting forth facts which show that the essential elements of the defenses . . . are met." On August 18, 1994 the defendants filed their memorandum in opposition. The defendants concede that several of their statute-based special defenses are insufficient since they do not cite to the statutory authority relied upon, but they argue that the non-statutory defenses are plead with sufficient specificity and inferential factual support to withstand a motion to strike.
DISCUSSION
Practice Book § 108 provides that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." This rule applies to special defenses.[1] Kennedy v. First National Supermarkets,9 CSCR 732 (June 6, 1994, Corradino, J.), citing County FederalSavings Loan Assn. v. Eastern Associates, 3 Conn. App. 582,586, 491 A.2d 401 (1985). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992).
"In ruling on . . . a motion to strike [the court has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). The defendants, however, must plead sufficient facts in support of their special defenses. C.N.Flagg Co. v. Reaction Thermal Systems, Superior Court, judicial district of New Haven at New Haven, Doc. No. 33 31 00 CT Page 12537 (January 19, 1994, Zoarski, J.), citing Knights of ColumbusFederal Credit Union v. Salisbury, 3 Conn. App. 201, 208,486 A.2d 649 (1985). A motion to strike should be granted where the special defenses are not supported by factual allegations. Id.; Kennedy v. First National Supermarkets, supra,9 CSCR 732.
The court finds that defendants' special defenses are completely devoid of factual allegations. Some examples of defendants' special defenses are as follows: "Plaintiff failed in his duty to mitigate his damages"; "Count five, or portions of Count Five, is barred by the applicable statute of limitations"; "Plaintiff was an `Employee at Will' and as such had no contract of employment with any of the Defendants"; ["]Count Five is barred by the doctrine of estoppel"; "Count Five is barred by the doctrine of waiver"; and, "No statements made by any of the Defendants constitute libel, slander or defamation of Plaintiff. Moreover, if any statements were made by any of the Defendants, their agents, servants or employees, concerning Plaintiff in this matter, such statements, whether oral or written, were subject to a qualified privilege and are not actionable." These allegations are insufficient to comply with the Practice Book § 108 mandate of a "plain and concise statement of material facts." The rules of pleading are designed to avoid requiring "[o]pposing counsel . . . to search through the pleadings to determine what factual allegations might or might not support a theory of defense." Kennedy v. First National Supermarkets, supra, 9 CSCR 732.
Based on the complete lack of factual allegations in support of defendants' special defenses the plaintiff's motion to strike is hereby granted.
Hurley, J.