[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONPLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES
On May 6, 1994, the plaintiff, Aldin Associates Limited Partnership, filed a three count Complaint against the defendant, Ground Water, Inc. Counts one and two of the plaintiff's complaint allege breach of contract and negligence, respectively, against the defendant, while count three sets forth a claim for reimbursement of costs and expenses pursuant to General Statutes § 22a-452. On January 26, 1995, the defendant filed a Second Revised Answer and Affirmative Defenses, setting forth a total of thirty (30) affirmative defenses to the plaintiff's complaint.[1]
CT Page 2341
On February 9, 1995, the plaintiff filed a Motion to Strike all of the defendant's special defenses. The plaintiff moves to strike the defendant's first, second, third, and fourth special defenses, on the ground that said affirmative defenses fail to allege any facts in support thereof.
Additionally, the plaintiff moves to strike the defendant's fifth, sixth, seventh, eighth, and ninth special defenses, on the ground that said defenses allege legal conclusions unsupported by sufficient factual allegations. Further, the plaintiff moves to strike the defendant s fourth, fifth, seventh, eighth, and tenth special defenses, on the ground that said defenses are inconsistent with the facts plead in the plaintiff's complaint. Finally, the plaintiff moves to strike: the defendant's first, sixth, eighth, ninth, and tenth special defenses, on the ground that, even if said affirmative defenses were true, the plaintiff still has a cause of action against the defendant; the defendant's third special defense, on the ground that the doctrine of assumption of the risk has been abolished under Connecticut law; and the defendant's sixth special defense, on the ground that a claim of set-off is not appropriate in this case.
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen,40 Conn. Sup. 287, 288 (Super.Ct. 1985), citing Practice Book § 152. "Like the demurrer, it admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original.)Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992), citing Practice Book § 164.[2] "The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided." (Citation omitted.)County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582,586, 491 A.2d 401 (1985).
A motion to strike is properly granted where special defenses are not supported by factual allegations; Giuliano v. Bourgoin Ins.Agency Co., 5 CSCR 618, 619 (July 20, 1990, Hammer, J.); Pepper v.The American Way Homes, Inc., 6 Conn. L. Trib. No. 26, p. 17, 17-18 (Super.Ct., April 10, 1980, Herman, J.); or where special defenses CT Page 2342 allege legal conclusions unsupported by facts. Hydro-Kem Servicesv. United Illum., Superior Court, judicial district of New Haven at New Haven, D.N. 324789 (October 30, 1992, Celotto, J.), citing Morav. Aetna Life Casualty Co., 13 Conn. App. 208, 211, 535 A.2d 390
(1988).
The affirmative defenses set forth by the defendant as to counts one, two, and three of the plaintiff's complaint provide as follows:
 (1) Plaintiff cannot recover from GWI more than GWI's fair, equitable, and proportion share of costs, damages and other relief sought by Plaintiff or otherwise recover more than the amount of such relief for which GWI is liable.
 (2) Plaintiff cannot recover from GWI cost damages and other expenses that Plaintiff has incurred or will incur because such recovery is barred by the Doctrine of Unclean Hands.
 (3) Plaintiff has assumed the risk of the conditions and damages it has alleged.
 (4) Plaintiff by its own deeds and choosing created the conditions and damages it has alleged.
 (5) Plaintiff has waived its right to obtain the requested relief as a result of its own acts of conduct and omissions.
 (6) Plaintiff has in the past and continues to make insufficient and dilatory efforts to take appropriate and cost effective response measures for the conditions alleged at the Plainfield Mobil site. To the extent that costs claimed by Plaintiff are high or unnecessary because of its failure to take such measures Plaintiff's claim for monetary damages against GWI should be reduced or otherwise subject to set off.
 (7) Upon information and belief, Plaintiff has been or should have been aware of the alleged conditions of the site referred in the Complaint for many years and has had the ability and authority to take appropriate and cost effective corrective action to remedy the alleged CT Page 2343 problems.
 (8) The acts and omissions by the Plaintiff have resulted in or will result in exacerbation of alleged releases, threatened releases and hazardous conditions at the site with the correspondingly significant increase in the ultimate cost of remediation of site conditions as alleged in the Complaint.
 (9) If Plaintiff is entitled to recover any costs or damages such recovery must be reduced by the costs and damages attributable to Plaintiff's failure to take appropriate action to mitigate such costs prior to as well as subsequent to the institution of the action.
 (10) At all relevant times, GWI acted with due care, complied with all statutory, regulatory and common law requirements and otherwise conducted itself in a reasonable manner.
Applying the legal principles set forth above to these alleged defenses, the court concludes that the defendant's first, second, third, fourth, and fifth special defenses fail to allege sufficient facts in support thereof. Additionally, the court finds that the defendant's sixth, seventh, eighth, and ninth special defenses plead legal conclusions rather than setting forth facts consistent with said counts so as to show the non-existence of the plaintiff's alleged causes of actions. Finally, the court finds that the defendant's tenth special defense alleges facts inconsistent with those alleged in the plaintiff's complaint, in violation of Practice Book § 164.
Accordingly, the plaintiff's motion to strike the defendant's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth special defenses, as to counts one, two, and three of the plaintiff's complaint, is hereby granted. In light of the fact that each of the defendant's special defenses has been stricken, for the reasons discussed herein, the court need not address the other grounds set forth by the plaintiff in support of its motion to strike the defendant's special defenses.
STANLEY, J.