[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE #118
The plaintiffs, Frank and Linda Castagliuolo, filed a three-count revised amended complaint against the defendants, Mark Cicatello (Cicatello) and BMW Financial Services, N.A. Inc. (BMW) on March 24, 1997. The plaintiffs allege that on or about December 29, 1995, Frank Castagliuolo was operating a motor vehicle in Norwalk when he was struck by a motor vehicle being operated by Cicatello and owned by BMW, causing Frank Castagliuolo to suffer serious injuries. Loss of consortium claims are brought on behalf of Linda Castagliuolo, wife of Frank Castagliuolo, against both defendants.
On April 10, 1997, BMW filed an answer, special defense and cross claim against Cicatello. In its special defense, BMW alleges that if the plaintiffs have sustained any damages, such damages were the result of actions of a third party, not under the direction of BMW. In its cross claim against Cicatello, BMW alleges that Cicatello is or may be liable in contribution or indemnity for all or part of the plaintiffs' claims against BMW.
The plaintiffs filed a motion to strike the special defense and cross claim on the grounds that the special defense is improper under Practice Book § 164, now Practice Book (1998 Rev.) § 10-50, and the cross claim does not state a claim upon which relief can be granted. BMW filed a memorandum in opposition to the motion to strike on May 8, 1997. The matter was heard by the court on March 16, 1998. CT Page 4066
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [pleader]. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). A motion to strike is the proper procedure where a party seeks to test the legal sufficiency of a special defense. See Practice Book § 152 (5), now Practice Book (1998 Rev.) § 10-39(5). Girard v.Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied,239 Conn. 946, 686 A.2d 121 (1996).
 A. The Special Defense
The plaintiffs argue that the special defense is improper under Practice Book § 164, now Practice Book (Rev. 1998) § 10-50, because the special defense does not show that the plaintiffs' statements of fact are untrue. The defendant argues that the special defense is legally sufficient.
Practice Book § 164, now Practice Book (Rev. 1998) §10-50 provides in relevant part: "No facts may be proved either by a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." (Quoting from revised section.)
The special defense alleges that "[i]f plaintiffs have sustained any damages, such damages were, upon information and belief, the result of actions of a third-party, not under the direction or control of BMW." The court believes that BMW's special defense is proper under Practice Book § 164, now Practice Book (Rev. 1998) § 10-50; however, it does not appear to the court that BMW has alleged sufficient facts to support its special defense. "The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided." County FederalSavings Loan Association v. Eastern, 3 Conn. App. 582, 586,491 A.2d 401 (1985). As BMW has not alleged enough subordinate facts to support the legal conclusion that the plaintiffs' injuries CT Page 4067 were caused by an unknown third party, the plaintiff's motion to strike the special defense is granted.
 B. The Cross Claim
The plaintiffs argue that the defendants would be entitled to contribution only after a final judgment is rendered. The plaintiffs next argue that the defendants have failed to allege the five elements necessary for a joint tortfeasor to plead indemnification. BMW argues that the plaintiffs do not have standing to raise arguments over the cross claim, since the cross claim is directed at the co-defendant, Cicatello. BMW also argues that it has such a right to bring the cross claim pursuant to General Statutes § 14-154a.[1]
The court finds that the plaintiffs do not have standing to challenge BMW's cross claim, which is directed solely at the co-defendant, Cicatello. "[I]t is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . ." Community Collaborative of Bridgeport,Inc. v. Ganim, 241 Conn. 546, 552-53, 698 A.2d 245 (1997). The cross claim is directed at a party other than the plaintiffs. Therefore, the motion to strike the cross claim is denied, because the plaintiffs have no direct interest in the cross claim. See Bank of Boston Connecticut v. Juris Associates LimitedPartnership, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 374271 (November 26, 1991) (Hennessey, J.) (5 CONN. L. RPTR. 298, 7 CSCR 47), relying on Hofmiller v. Joseph,18 Conn. Sup. 143, 144, (1952) (defendant's demurrer to entire complaint denied where only one count was directed at him). See also Wall v. Post Publishing Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 037579 (March 26, 1992) (Flynn, J.) (defendant cannot strike portion of complaint not directed at him); Maynard v. Bartnic,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 283647 (August 13, 1992) (Lewis, J.) (plaintiff cannot strike third-party complaint).
Accordingly and in summary, the plaintiffs' motion to strike BMW's special defense is granted, and the plaintiffs' motion to strike BMW's cross claim against Cicatello is denied. CT Page 4068
SKOLNICK, J.