JOANN ROMAN ET AL. *v.* CITY OF STAMFORD
(13531)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, JS.

Argued May 3—decision released June 6, 1989

*Paul J. Pacifico,* for the appellants (plaintiffs).

*James V. Minor,* assistant corporation counsel, with whom, on the brief, was *Mary Sommer,* corporation counsel, for the appellee (defendant).

PER CURIAM. In this negligence case, the dispositive issue is whether a municipality creates an actionable private duty by adopting a municipal charter in which it undertakes to provide for the care of public trees. The plaintiffs, Joann Roman and Madeline Roman, sued the defendant, the city of Stamford, for injuries that they suffered when their automobile was struck by a rotten tree located within the limits of a municipal roadway. The case was tried to a jury on the theory that the defendant could be found liable for negligence by

virtue of a provision contained in the Stamford city charter that imposed on the defendant a duty to maintain and care for "all trees . . . within the limits of any public road." Stamford City Charter § C-595.1 (2).[1] After a jury verdict finding the defendant liable, the trial court rendered judgment in favor of the plaintiffs. The Appellate Court overturned this judgment and directed that judgment be entered in favor of the defendant. *Roman v. Stamford,* 16 Conn. App. 213, 547 A.2d 97 (1988). This court then granted the plaintiffs' petition for certification to appeal limited to the following question: "When a city charter provision directs the city's park commission to provide for the care and control of all trees within the limits of public roads, can a municipality be held liable in negligence where an automobile is struck by a falling tree located within the limits of the roadway?" *Roman v. Stamford,* 209 Conn. 821, 551 A.2d 757 (1988). We conclude that this question must be answered in the negative and that the judgment of the Appellate Court must accordingly be affirmed.

The crux of the issue encompassed by our certified question is the continued viability of a dictum in *Dyer v. Danbury,* 85 Conn. 128, 81 A. 958 (1911), about municipal liability arising out of charter provisions. We there stated that "[w]here . . . some special power or privilege out of which grow public duties, primarily for the

---

[1] Section C-595.1 of the charter of the city of Stamford, adopted in 1977 and entitled "Powers and Duties of the Park Commission," provides: "The Park Commission, subject to the approval of the Mayor, shall determine all park policies for the City of Stamford except as may be determined by the Board of Representatives and to that end it:

"(1) shall establish, construct and maintain all parks;

"(2) shall provide for the care and control of all trees and shrubs within the limits of any public road;

"(3) shall establish such rules as are necessary for the proper use and maintenance of the parks; and

"(4) may receive gifts of money or property in the name of the City of Stamford for park purposes."

benefit of its own citizens, is granted to a municipality at its request, or where with its consent some special duty, not belonging to it under the general laws, is imposed upon it . . . the municipality is in a sense performing a private duty, and although no liability for damages is imposed by statute for negligence in the performance of such duties, the municipality is nevertheless liable for it." Id., 131. The Appellate Court determined that this statement could not be reconciled with the reformulation of the distinction between private and public municipal duty contained in more recent cases such as *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 165–67, 544 A.2d 1185 (1988), *Shore* v. *Stonington,* 187 Conn. 147, 152–54, 444 A.2d 1379 (1982), and *Leger* v. *Kelly,* 142 Conn. 585, 589–91, 116 A.2d 429 (1955).

After a careful consideration of the record, the briefs, and the arguments of the parties, we conclude, as did the Appellate Court, that the disputed dictum in *Dyer* v. *Danbury* is no longer good law. The Appellate Court's resolution of this issue is thoughtful, scholarly and comprehensive. It would serve no useful purpose for us to elaborate further on the discussion contained in the opinion of the Appellate Court.

The judgment of the Appellate Court is affirmed.