[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The issue presented by this motion is whether the doctrine of governmental immunity bars the liability of a municipality and its Assistant Health Director for negligence, tortious interference with a contract, indemnification, and the deprivation of substantive due process rights to use one's own property.
The plaintiffs Jeffrey L. Kneisley and Susan E. Kneisley filed a nine count complaint on May 9, 1990 against the defendants, Violette Silvester Sons, Inc., Town of Rocky Hill and Philip Block, the Assistant Health Director and Sanitarian for the Town of Rocky Hill. The municipal defendants move for summary judgment.
The complaint alleges as follows. Counts One, Two, and Three, relating to the defendant, Violette Silvester Sons, Inc. (VSS), allege that VSS was hired by the Kneisleys to inspect a septic tank located on real property at 10 Overlook Terrace, Rocky Hill, Connecticut. In reliance on VSS's report that the tank and field were in good working condition, the Kneisleys purchased the property on April 3, 1987.
On December 3, 1989, the Kneisleys entered into a contract to sell their home to a buyer. However, on January 3, 1990, they received a notice from the Assistant Health Director of Rocky Hill, Philip Block, stating that there is "an impediment CT Page 9818 to the sale of [the] property until such time as the information required by the Public Health Code for the entire septic system is known and a permit issued by the Rocky Hill Health Department." Block urged them to have a full and complete site investigation done under the supervision of the Health Department. As a result of the "impediment," the Kneisleys were unable to sell their property.
Count One claims a breach of contract in that VSS failed to detect deficiencies, failed to inspect and report on the system in compliance with the requirements; and certified the system as being in proper working order when in fact it was not. Count Two claims negligence for the same reasons, and Count Three claims misrepresentation.
The plaintiffs also allege that Block "had no facts before him indicating the noncompliance with any town or health code requirements for any portion of the septic system," that he "ignored" the report presented by the plaintiffs' contractor stating that the system was in working order, and that their septic system predates any permit requirement.
They further allege that Block's official opinion constitutes negligence, tortious interference with a contract of sale and is also "wilful, arbitrary and capricious" behavior which went "beyond the scope of the exercise of the defendant's duties such as to constitute an abuse of his discretion."
As to the Town of Rocky Hill the plaintiffs claim that the Town is obligated to indemnify Block for any damages he may be ordered to pay and that both Block and the Town are obligated to compensate the plaintiffs for the deprivation of due process "with respect to [their] fundamental right and statutory entitlement to use their property." The court, Koletsky, J., granted the defendants' motion to strike Count Eight on May 20, 1990. The plaintiffs claim compensatory and punitive damages, interest, costs and attorney's fees.
The municipal defendants have answered the complaint and asserted four special defenses. The plaintiffs have denied each of the special defenses. Thus, the pleadings are closed as required by Practice Book 379.
On August 13, 1991, the defendants Block and the Town of Rocky Hill filed a motion for summary judgment as to Counts Four, Five, Six, Seven, and Nine on the ground that the plaintiffs' claims are barred by the doctrine of governmental immunity. On September 13, 1991, the plaintiffs filed and served an objection to the motion, together with opposing affidavits pursuant to Practice Book 381. CT Page 9819
A summary judgment may be granted if "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. An "issue of fact" includes not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Comm'n. , 158 Conn. 364, 379, 260 A.2d 596 (1969). A "material" fact has been characterized as "a fact which will make a difference in the result of the case." Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 3113 (1979).
The trial court "must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). The nonmovant is "given the benefit of all favorable inferences that can be drawn." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986). A summary judgment is properly granted "on evidence which a jury would not be at liberty to disbelieve." Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
A. Count Four — Negligence
The defendants argue that the defendant Block is entitled to immunity since his duty was public and discretionary and the plaintiffs did not allege any of the three exceptions to immunity. Furthermore it is argued that Block's actions fall squarely within the ambit of General Statutes 52-557n(b)(7) and (8), which provide that a political subdivision of the state or any employee acting within the scope of his employment shall not be liable for damages resulting from, among others, the failure to issue a permit or the failure to inspect any property to determine compliance with any law.
The plaintiffs argue that Block is liable because he exceeded the scope of official policy in requiring a permit when the policy did not in fact require one. Thus, if no permit requirement exists, the case falls outside the scope of52-557n(b)(7) and (8). They further argue that the duty involved ran simultaneously to the general public and an individual in that the permit requirement protects the public from the health hazards of open sewage, but at the same time affects individual applicants differently from the way it affects the public. Alternatively, the plaintiffs argue that even if the duty is a public one, it is not discretionary but is ministerial, and that whether it is discretionary or ministerial is a question for the trier of fact. CT Page 9820
The starting point for an analysis of official liability turns on whether there was a public or private duty.
 "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly is an individual wrong, and may support an individual action for damages."
Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 166,544 A.2d 1185 (1988) (quoting Shore v. Stonington, 187 Conn. 147,152, 444 A.2d 1379 (1982)) (citations omitted).
 If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.
Roman v. Stamford, 16 Conn. App. 213, 22, 547 A.2d 97 (1988), aff'd. 211 Conn. 396 (1989).
If a public duty exists, a "`municipal employee . . . may be liable if he misperforms a ministerial act, as opposed to a discretionary act . . . . The word `ministerial' `refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion."' Evon v. Andrews,211 Conn. 501, 505, 560 A.2d 403 (1989) (citations omitted). "Whether a public or private duty is established, there is no potential liability if the act complained of is a discretionary act that does not fit into any of the narrow exceptions." Gordon, supra, 169. "Whether the acts complained of . . . [are] governmental or ministerial is a actual question which depends upon the nature of the act complained of." Gauvin v. New Haven,187 Conn. 180, 186, 445 A.2d 1 (1982).
 (There are) three exceptions or circumstances under which liability may attach even though the act was discretionary; first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to CT Page 9821 imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or a municipal officer for failure to enforce certain laws; . . . third, where alleged acts involve malice, wantonness or intent to injure rather than negligence.
Evon, supra, 505 (citations omitted).
In this case, the defendants assert that the duty was public and discretionary, while the plaintiffs assert that it was private, and even if it was public, it was ministerial in nature. This raises genuine issues of fact which make a summary judgment inappropriate. First, there is the question "whether a public official's constant general duty to the public has, in addition subsumed a specific duty to the individual claiming injury . . . . It is this factual inquiry that should be left for jury determination whether the alleged duty to the individual arises from other statutes, regulations, or the common law." Sestito v. Groton, 178 Conn. 520, 528, 423 A.2d 165
(1979). Second, whether a public duty is discretionary or ministerial is also a question of fact. Gauvin, supra, 186.
Since there are genuine issues of material fact, summary judgment as to Count Four is denied.
B. Count Five — Tortious Interference
The defendants argue that they are entitled to a summary judgment as to Count Five because the plaintiffs alleged only negligent conduct as constituting an interference with contractual relations, and there can be no liability for negligent, as opposed to tortious interference. They further argue that even if liability could be imposed for a negligent interference, it would be barred by the doctrine of governmental immunity as argued in their argument as to Count Four.
The plaintiffs argue that they are required to plead some improper motive or improper means, and that they did so when they alleged Block's intent to raise an "impediment" to the sale of their property, his misapplication of the health code, and his intentional requirement of a permit which is not required.
The essential elements of a claim for tortious interference include "the existence of a contractual . . . relationship" and that the defendants, "knowing of that relationship, intentionally sought to interfere with it; and, as a result, the plaintiffs claimed to have suffered actual loss." Solomon v. Aberman, 196 Conn. 359, 365, 493 A.2d 193 (1985). "[F]or a plaintiff successfully to prosecute such an action it must prove CT Page 9822 that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously . . . . The burden is on the plaintiff to plead and prove at least some improper motive or . . . means . . . on the part of the defendant." Id. "[A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." Blake v. Levy, 191 Conn. 257, 262,464 A.2d 52 (1983).
Here, the plaintiffs have not alleged any improper motive or means beyond the fact of interference. Summary judgment as to Count Five is granted.
C. Count Six — Willful, Arbitrary and Capricious Abuse of Discretion.
As to Count Six, the defendants argue that this is merely negligence count, and that the plaintiffs failed to set forth additional factual allegations. They argue that because this count is merely a negligence claim, it is disposed of by the doctrine of governmental immunity. The defendants further argue that whether a decision is arbitrary, capricious and constitutes an abuse of discretion relates to administrative law and the decisions of quasi-judicial bodies and not of a public official.
The plaintiffs argue that they have alleged "a wilful, arbitrary and capricious action by defendant which is not protected by qualified immunity regardless of whether the defendant's duty is public or private, ministerial or discretionary."
"Willful" misconduct is defined as "intentional conduct designed to injure for which there is no just cause or excuse . . . . `[I]ts characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances' . . . . Not only the action producing the injury but the resulting injury must be intentional." Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988).
In this case, the plaintiffs failed to allege "an actual intent to injure the plaintiffs." Nolan v. Borkowski, 206 Conn. 495,501, 538 A.2d 1031 (1988). Nor did the plaintiffs allege additional facts to change the nature of conduct claimed in Count Four as negligence.
Because the plaintiffs have neither alleged an intent to injure nor adduced facts which would support a finding of such an intent, summary judgment must be granted as to a claim for CT Page 9823 willful misconduct.
D. Count Seven — Indemnification
The defendants argue that individual liability must be found first, and that since Block's liability is barred by governmental immunity, so too is the liability of the Town. The plaintiffs argue that since Block has no immunity, the Town is obligated to indemnify him for his liability.
Whether there is municipal liability for the actions of an employee depends first upon whether there is employee liability "`A plaintiff bringing suit under [Conn. Gen. Stat.] 7-465
first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof."' Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987) (citation omitted) (emphasis in original). "Only then may the plaintiff go on to allege an prove the town's liability by indemnification." Id. "[A]ny municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Id.
Since there are genuine issues of fact relating to the individual defendant's liability, as discussed above summary judgment as to Count Seven is denied.
E. Count Nine — Due Process
The defendants argue that there was no deprivation of due process because the plaintiffs have not shown that the conduct complained of was "clearly arbitrary and unreasonable and ha[d] no substantial relation to public health, safety, morals or general welfare." The defendants also argue that the property is not unsalable, since an inspection of the system will satisfy the requirements of the mortgagor and home buyer.
The plaintiffs argue that "if no records exist relating to a septic system and if no seller requests a statement from the Town, the only action allowed to be taken by the Rocky Hill Health Department is to issue a statement asserting that no records exist. Rather than follow this procedure, . . . Block chose to state . . . that . . . the plaintiff's [sic] needed a `permit issued by the Rocky Hill Health Department.'" They contend that Block did not know the applicable requirements of the Public Health Code at the time the plaintiff's septic system was installed, nor does he know what type of septic system plaintiffs have. They further argue that the unsalability of the house is evidenced by the affidavit of the Kneisleys stating that they lost three contracts for the sale of the house and the CT Page 9824 defendant's letter of January 3, 1990 stating that there will be an impediment to its sale. The plaintiffs state that they "will prove at trial that the defendant had no factual or legal basis for his requirement that a permit be issued and that his official communications based on this improper foundation deprived the plaintiffs of their substantial due process rights."
The elements of a claim under 42 U.S.C. § 1983 are "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908,68 L.Ed.2d 420 (1981). "Where . . . a party claims a deprivation of property without due process in violation of the fourteenth amendment, . . . the following inquiry [is to be made]: (a) whether a property right has been identified; (b) whether governmental action with respect to that property right amounts to a deprivation; and (c) whether the deprivation, if one be found was visited upon the plaintiff without due process of law." Fusco v. State of Conn., 815 F.2d 201, 205 (2nd Cir. 1987) (citations omitted).
For purposes of this motion, the only issues which appear to be in dispute are whether there was a deprivation, and if so, whether it was imposed without due process of law. As to the issue of deprivation, there is a genuine issue of material fact whether the property is salable or unsalable.
In addition, an issue exists as to whether a deprivation, if any, was imposed without due process of law. The defendants cite cases which speak only to the constitutionality of zoning regulations. However, in this case, it is not the constitutionality of the regulations which is at issue. Since the defendants do not address the issues raised by the complaint, the defendants have not met their burden of establishing entitlement to judgment as a matter of law.
Since the defendants have not met their twin burdens of showing the nonexistence of any genuine issue of material fact and establishing entitlement to judgment as a matter of law, summary judgment is denied as to Count Nine.
For the foregoing reasons, summary judgment is granted as to Counts Five and Six and denied as to Counts Four, Seven and Nine.
Schaller, J. CT Page 9825