[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 20, 1993, the plaintiffs, Richard DiTullio, Sr., Judy DiTullio, Richard DiTullio, Jr., and Lisa DiTullio, filed a twenty count revised complaint alleging that Sydney A. Rapp, Jr., d/b/a Sydney Rapp, Jr. and Associates (hereafter "Rapp"); Consultants Engineers, Inc. (hereafter "C E"); Richard Beck and the Town of Danbury (hereinafter the "defendants"), were liable in negligence for the injuries sustained as a result of contact with an electrical main.
The complaint alleges that in March of 1989, Richard DiTullio, St. purchased property in Danbury, Connecticut with the intention of removing the existing structure and constructing a new building for commercial purposes. It continues that on August 13, 1990, in an effort to loosen the underpavement on a section of roadway abutting his property, a jackhammer he was using came in contact with an underground electrical main, causing him to suffer injuries which include, inter alia, second and third degree burns over 40 percent of his body. Richard DiTullio, Jr., who was working with his father (Sr.) at the time, also claims to have been injured.
Counts one and seven, and counts eleven and seventeen, which sound in negligence and products liability, respectively, are lodged against C E and are brought by the plaintiffs St. and Jr., who assert counts three, nine, thirteen and nineteen against Rapp. Counts two and eight and counts twelve and eighteen are derivative claims for loss of consortium against C E brought by the plaintiffs, Judy and Lisa DiTullio, respectively, who also assert substantially similar counts four, ten, fourteen and twenty against Rapp.
Counts five and fifteen, sounding in negligence, are brought by Richard DiTullio, Sr. and Jr., respectively. They allege that as St. began the project, he was required to obtain certain permits from the defendant, Town of Danbury. CT Page 10306 They continue by claiming that upon completion, Sr. sought permission from defendant, Richard Beck, an employee of the Public Works of the defendant Town, to connect up to the sewer line running under the roadway. It is alleged that on August 10, 1990, a permit was issued by defendant Beck. To reiterate, the alleged incident which forms the basis of the instant action occurred on August 13, 1990. These two counts recite that the personal injuries sustained by the two plaintiffs were the result of the negligence of the defendant Town and its agent, servant and employee, defendant Beck, in one or more of the following ways: (1) he failed to warn the plaintiff, Richard DiTullio, Sr., of the potential presence of underground utilities; (2) he failed to warn the plaintiff, Richard DiTullio, Sr., to investigate the potential presence of utilities by contacting agencies possessed of this information; and (3) he failed to require that the plaintiff, Richard DiTullio, Sr., present verification that he complied with "Call Before You Dig,"[1] pursuant to General Statutes, Sec. 16-350. Counts six and sixteen are derivative loss of consortium claims against the defendants by the plaintiffs, Judy and Lisa DiTullio, respectively.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,131. The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91, 108.
At the outset, it should be noted that the defendants' motion to strike simply stated that "Counts Five Six, Fifteen and Sixteen of plaintiffs' Revised Complaint . . . be stricken pursuant to the Memorandum of Law attached hereto." "Because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion was `fatally defective' under Practice Book, Sec. 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum." Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4. However, the court will consider the motion in the form presented as a result of CT Page 10307 the failure to object to its form and the nonjurisdictional nature of section 154. See Bouchard v. People's Bank, supra.
"Although municipalities enjoy some limited governmental immunity from liability, they have no sovereign immunity and may therefore sue and be sued. . . ." (Citations omitted.) Giannitti v. Stamford, 25 Conn. App. 67, 79. "Municipalities do, in certain circumstances, have a governmental immunity from liability." Murphy v. Ives, 151 Conn. 259, 264. In Gordon v. Bridgeport Housing Authority, 208 Conn. 161, the court reaffirmed its adherence to the public duty doctrine, citing Shore v. Stonington, 187 Conn. 147, and stated:
 `[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.'
Gordon v. Bridgeport Housing Authority, supra, 166. "`[T]he public duty doctrine provides the starting point of the analysis' with regard to the question of municipal liability." Roman v. Stamford, 16 Conn. App. 213, 219, aff'd, 211 Conn. 396, quoting Gordon v. Bridgeport Housing Authority, supra. The court then determined whether or not there is a public or private duty which involves a question of law.
 `In the application of [the public duty doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.' CT Page 10308
Roman v. Stamford, supra, 220. Once it is determined that the duty involved in the present case is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary. A ministerial act, as opposed to a discretionary act, refers to one which is to be performed in a prescribed manner without the exercise of judgment or discretion. Municipal liability for the breach of a public duty attaches only if the act complained of is a ministerial act or if one of the narrow exceptions to discretionary acts applies. Roman v. Stamford, supra, 220, quoting Gordon v. Bridgeport Housing Authority, supra, 170.
 Three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.
Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1151 (1989).
Section 16-350 of the General Statutes provides in part:
 Any permit issued by a public agency for excavation shall require compliance with this chapter. No such permit shall be issued by any public agency unless such public agency receives satisfactory evidence from the person seeking such permit that the requirements of this chapter have been met.
In the present action, the defendants, in their memorandum of law in support of their motion, argue that Beck's issuance of the August 10, 1990 permit was a discretionary act wholly for the benefit of the public. Therefore, neither he nor the defendant Town can be held liable due to governmental immunity. They further postulate that even if Beck had failed to require the plaintiffs to show verification of compliance with "Call Before You Dig," the enforcement of this regulation CT Page 10309 would be discretionary in nature and, again, governmental immunity would attach. They finally claim that the plaintiffs have not alleged: (1) malice, wantonness or intent on the part of any of the defendants; (2) a statutory violation, or; (3) that the plaintiffs fall within the "identifiable person" exception, so that the actions of the defendants would fall within the purview of one or more of the exceptions stated above.
Conversely, the plaintiffs, in their opposition memorandum, argue that the court should only consider those facts as plead in their revised complaint and not the "foundationless assertions" offered by the defendants, i.e., the alleged discretionary judgment exercised by Beck. In addition, the plaintiffs argue that the "Call Before You Dig" regulations allow the defendants no discretion. They, therefore, conclude that the defendants' motion should be denied.
Initially, defendants cite Maier v. Tracy, 7 CSCR 1053
(August 25, 1992, Fuller, J.) as relevant authority. The issue in Maier was whether an injunction could issue to compel municipal officials to enforce a zoning regulation, and is not at all relevant on the issue of whether the issuance of a permit was in compliance with certain statutory provisions. Therefore, Maier is unpersuasive.
In the present case, the plaintiffs allege in counts five, six, fifteen and sixteen that Beck failed to require that plaintiff, Richard DiTullio, St., present verification that he complied with "Call Before You Dig," pursuant to Sec.16-350. It is clear to this court that Sec. 16-350 (see footnote 1, supra) imposes a duty on a public agency to receive satisfactory evidence from a person seeking a permit issued by a public agency for excavation that the requirements of Chapter 293 have been met. This duty is one which is owed to the public. In fact an examination of the legislative history of Chapter 293 reveals that a recitation of Representative Farr's (19th) comments suggests as much: "[i]f you read through the bill, there are provisions that say that there have to be regulations adopted that no permit may be issued for the digging until the building official is satisfied that the form has been filled out and that the regulations have been complied with." House Debate, Calendar 203, 1987 Sess., p. 2462. As the duty is a public CT Page 10310 duty, the issue turns to whether Beck's actions in issuing the permit without allegedly requiring DiTullio, Sr. to present verification that he complied with "Call Before You Dig" alleges governmental or discretionary acts, in which case the defendant Town cannot be liable, or alleges ministerial acts, wherein the defendant Town could be liable.
Generally speaking, governmental immunity must be specially pleaded pursuant to Sec. 164 of the Practice Book. Gauvin v. New Haven, 187 Conn. 180, 184. If, however, it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by plaintiff, the plaintiff is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike. Viens v. Graner, Superior Court, Judicial District of New London at New London, No. 524313 (June 28, 1993, Teller, J.), quoting Brown v. Branford,12 Conn. App. 106, 111, n. 3. Whether the acts complained of were governmental or ministerial is a factual question which depends upon the nature of the act complained of. Gauvin v. New Haven, supra, 186.
To reiterate, the plaintiffs in all four counts in issue have alleged that Beck failed to require that plaintiff, Richard DiTullio, Sr., show verification of compliance with Call Before You Dig before issuing a permit to DiTullio, Sr. In construing the allegations of the complaint most favorably to the plaintiffs, the allegations contained in counts five, six, fifteen and sixteen are plead in a manner which would permit proof of facts as to whether the defendants' acts were discretionary or ministerial. Therefore, the defense of governmental immunity should be plead as a special defense and the defendants' motion to strike is, accordingly, denied.
Moraghan, J.
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.]