[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #118
On September 22, 1993, by his father and next friend, Elihu Burritt, Sr., the plaintiff, Elihu Burritt, Jr., filed a two count complaint against the defendants, the Town of Stratford (Stratford) and the City of Bridgeport. Count one is directed at Stratford. Count two is directed at the City of Bridgeport.
The complaint alleges that while attending a rally for President Bush at the Sikorsky Memorial Airport, the minor plaintiff fell through an unsecured doorway in the rear of a trailer on which he was standing. Stratford admits in its answer that the it owned the trailer and that Stratford town employees prepared the trailer for public use.
On September 6, 1994, claiming no genuine issues of material fact exist and that it deserves judgment as a matter of law because a municipality is immune from suit, Stratford filed a motion for summary judgment as to count one of the complaint. Along with its motion, Stratford filed a memorandum in support and an affidavit from the Stratford Town Manager, Mark S. Barnhart. Specifically, Stratford argues that the duty owed to the plaintiff was discretionary and not within any exceptions to the general rule that bars municipal liability for discretionary acts. CT Page 11522
On September 23, 1994, the plaintiff filed a memorandum in opposition and an affidavit from Kayoko Burritt, the mother of the minor plaintiff.
"Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994). "The party seeking summary judgment `has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law.'" Id. "`A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case.'" Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Suarez v. Dickmont Plastics Corp. , supra, 105.
The Connecticut Supreme Court "has approved the practice of deciding the issue of governmental immunity as a matter of law."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 180,544 A.2d 1185 (1988). The court must first decide whether the municipality had a public duty or a private duty to the plaintiff. Roman v.Stamford, 16 Conn. App. 213, 219, 547 A.2d 97 (1988), aff'd,211 Conn. 396, 559 A.2d 710 (1989).
"`In the application of [the public duty doctrine], the problem is always to determine whether [the action] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." Id., 220.
The duty owed to the plaintiff is the same as the duty to any other member of the public. Whether the public duty owed to the plaintiff was discretionary or ministerial is the next consideration. Gordon v. Bridgeport Housing Authority, supra,208 Conn. 181. CT Page 11523
In its memorandum of law, Stratford argues that the decision to lend the trailer to the Bush / Quayle '92 Committee was a discretionary decision. In his memorandum of law, the plaintiff argues that Stratford's employees negligently set up the trailer. The parties are arguing about different acts.
"A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." (Internal quotation marks omitted.) Id., 167. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Heigl v. Board of Education, 218 Conn. 1, 5, 587 A.2d 423
(1991).
The decision to provide a trailer to the Bush / Quayle '92 Committee is discretionary. Stratford employees decided whether to loan the trailer. (See Mark S. Barnhart affidavit ¶ 4-5.) No legal obligation, which would eliminate the use of judgment, compelled Stratford employees to lend the trailer.
"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even thought the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where, a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews, 211 Conn. 501,505, 559 A.2d 1131 (1989). Only the first exception for "identifiable persons" applies.
"In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim."Burns v. Board of Education, 228 Conn. 640, 647, 638 A.2d 1 (1994).
The plaintiff belongs to a class of identifiable people. The class of identifiable people for whom municipal liability does not CT Page 11524 bar suit includes more people than those who are identifiable by name. See Burns v. Board of Education, 228 Conn. 640, 650-51,638 A.2d 1 (1994). Stratford knew or should have known that people would attend the political rally for President Bush and also knew or should have known that some of these people would stand on this trailer. Because Stratford should have foreseen that members of the public would use the trailer and may have failed to use reasonable care to protect those people from imminent harm, it may have breached a discretionary duty to the plaintiff. This duty was within the exceptions to the general bar of immunity for discretionary acts.
Accordingly, Stratford's motion for summary judgment is denied in that Stratford is not entitled to judgment as a matter of law.
FORD, J.