[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike counts four through nine of the plaintiffs' complaint on the ground of governmental immunity.
On September 19, 1996, the plaintiffs, Laqwauna Amos ppa Shirley Crooms (Amos), Shirley Crooms on her own behalf (Crooms), and Tashea Lockhart (Lockhart), filed a nine count complaint against the defendants, Nola Strickland (Strickland), John Brodeur (Brodeur) and the City of Hartford (Hartford). The plaintiffs allege that on June 22, 1995, Amos and Lockhart were walking on the sidewalk adjacent to Strickland's property when a tree limb fell from a tree located on Strickland's property and struck the two plaintiffs causing them to suffer serious injuries. The plaintiffs allege further that the tree from which the limb fell was in a dangerous and defective condition. Finally, the plaintiffs allege that Amos and Lockhart were lawfully on the sidewalk when the tree limb fell.
The first and third counts concern Amos and Lockhart, respectively, and allege that their injuries were caused by Strickland's negligence.[1] The second count alleges that Strickland's negligence caused Crooms, who is Amos' mother, to incur expenses for Amos' medical treatment and care.
The plaintiffs allege in counts four through six that the plaintiffs' personal and economic injuries were caused by the negligence of Brodeur, city forester for the city of Hartford. Specifically, the plaintiffs allege that the tree limb which struck Amos and Lockhart extended or overhung the public sidewalk, and was therefore within Brodeur's jurisdiction pursuant to General Statutes § 23-59. Furthermore, the plaintiffs allege that pursuant to § 23-59, Brodeur has the duty and authority to demand the removal and/or pruning of any tree under his control to maintain public safety. Therefore, the plaintiffs allege that Brodeur, his agents, servants and/or employees were negligent and careless in that they allowed and permitted a dangerous or defective condition to exist under their CT Page 4013 control.[2]
Counts seven through nine allege that because Brodeur was an employee of the city of Hartford and was acting in the performance of his duties as the city forester, General Statutes § 7-465 requires Hartford to indemnify Brodeur for any judgment rendered against him pursuant to counts four through six.[3]
On October 28, 1996, the defendants, Brodeur and Hartford, moved to strike (#104) counts four through nine on the ground that governmental immunity insulates them from liability. On the same date, Brodeur and Hartford filed a memorandum of law in support of their motion. On November 14, 1996, the plaintiffs filed an objection to the motion to strike along with a memorandum in opposition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems. Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 75 (1992). "[I]f a pleading on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required." (Internal quotation marks omitted.) Amore v. Frankel,228 Conn. 358, 372, 636 A.2d 565 (1994).
Brodeur and Hartford argue that the complaint should be stricken on the ground of governmental immunity. They contend that because the acts complained of are discretionary in nature, the governmental immunity doctrine insulates them from liability. The plaintiffs contend that the defendants are not shielded by governmental immunity because Brodeur's actions were ministerial in nature. They argue further that even if the court finds Brodeur's actions to be governmental in nature, an exception to governmental immunity applies.
"At common law, Connecticut municipalities enjoy governmental immunity, in certain circumstances, from liability for their tortious acts." Ryszkiewicz v. New Britain, 193 Conn. 589, 593,479 A.2d 793 (1984). "The public duty doctrine provides the CT Page 4014 starting point of the analysis with regard to the question of municipal liability . . . . Thus, the court looks to see whether there is a public or private duty . . . . This determination involves a question of law." (Citations omitted; internal quotation marks omitted.) Roman v. Stamford, 16 Conn. App. 213,219-20, 547 A.2d 213 (1988), affirmed, 211 Conn. 396,559 A.2d 710 (1989); see also Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
"If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies." Gordon v. BridgeportHousing Authority, supra, 208 Conn. 170. "In the application of [the public duty doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual . . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." Roman v. Stamford,
supra, 16 Conn. App. 220, quoting, Leger v. Kelley,142 Conn. 585, 590-91, 116 A.2d 429 (1955).
The plaintiff in Roman v. Stamford, supra, 16 Conn. App. 213, was traveling in an automobile on Lakeside Drive in Stamford when a rotted pine tree fell from property owned by the city of Stamford and landed on the automobile. Id., 214-15. The plaintiff sued the city of Stamford on the theory that there was a duty on the part of the city to maintain and care for the trees. Id., 215. The plaintiff argued that this duty was created by a charter provision enacted by the city pertaining to the care and maintenance of trees within the limits of all public roads. Id. The appellate court held that the modern public duty doctrine overrules the doctrine of assumption of municipal liability based upon a charter provision.[4]
The Roman court concluded that the duty "on the part of the city to maintain and care for the trees within the limits of all public roads does not constitute a private duty . . . . The duty involved here was not of such a nature that its performance would likely affect any passengers on city roads in a manner different in kind from the way it affects the public at large." (Emphasis added.) Id., 220. CT Page 4015
General Statutes § 23-59 provides, in pertinent part, that "[t]he town or borough tree warden shall have the care and control of all trees and shrubs in whole or in part within the limits of any public road or grounds . . . . Such care and control shall extend to such limbs, roots or parts of trees and shrubs as extend or overhang the limits of any such public road or grounds. Whenever, in the opinion of the tree warden, thepublic safety demands the removal or pruning of any tree or shrub under his control, he may cause such tree to be removed or pruned . . . ." (Emphasis added.)
One of the tree warden's duties is to promote the safety of the public. The plaintiffs allege this duty to maintain the public safety in support of their negligence claims. (Counts 4-9, ¶ 3). Thus, similar to the duty of the parks commissioner inRoman, the duty imposed upon the tree warden is not of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large. Accordingly, the duty owed by Brodeur is a public duty.
"Once it is determined that the duty involved . . . is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary [governmental]." Roman v. Stamford, supra,142 Conn. 221. "A municipality is immune from liability for the performance of governmental acts. Governmental [or discretionary] acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted.) Gauvin v. NewHaven, 187 Conn. 180, 184, 445 A.2d 1 (1982).
"Whether the acts complained of . . . were governmental [discretionary] or ministerial is a factual question which depends upon the nature of the act [alleged]." Id., 186. Accordingly, "[a] determination of whether an act is discretionary [governmental] or ministerial does not lend itself to a resolution by a motion to strike." Ramenda v. CongregationBeth Israel, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536069 (March 2, 1995, Hale, STR.). "Nevertheless, the Connecticut Supreme Court has held, inGordon v. Bridgeport Housing Authority, [supra,208 Conn. 179-80], and Heigl v. Board of Education, 218 Conn. 6, 7, CT Page 4016587 A.2d 423 (1991), that it was proper for trial courts to rule on a motion to strike when a determination of whether certain duties are ministerial or discretionary can be made as a matter of law." (Internal quotation marks omitted.) Pugrab v. Maple LeafConstruction, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 549162 (January 24, 1996, Hennessey, J.).
General Statutes § 23-59 provides, in pertinent part, that "[w]henever, in the opinion of the tree warden, the publicsafety demands the removal or pruning of any tree or shrub under his control, he may cause such tree to be removed or pruned . . . ." (Emphasis added.) "If the words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive since where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used . . . . In the absence of ambiguity, statutory language should be given its plain and ordinary meaning." (Citations omitted; internal quotation marks omitted.) Kilduff v. Adams,Inc., 219 Conn. 314, 336-37, 593 A.2d 478 (1991).
As discussed above, one of the tree warden's duties is to maintain public safety. Such a duty is for the "direct benefit of the public." Additionally, the language "in the opinion of the tree warden" creates a discretionary duty on the part of the tree warden. Furthermore, "[t]he word `may,' . . . generally imports permissive conduct and the conferral of discretion." CHRO v.Truelove and Maclean, 238 Conn. 337, 349, 680 A.2d 1261 (1996). Accordingly, the court concludes that, as a matter of law, General Statutes § 23-59 imposes a discretionary duty to act upon Brodeur. Therefore unless one of the narrow exceptions to governmental immunity applies, counts four through nine will be stricken.
There are "three exceptions or circumstances under which liability may attach even though the act was discretionary:first, where the circumstances make it apparent to the publicofficer that his or her failure to act would be likely to subjectan identifiable person to imminent harm; . . . second, where a statute specifically provides a cause of action against a municipality or a municipal officer for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure rather than negligence." CT Page 4017 (Citations omitted; emphasis added.) Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1151 (1989).
The plaintiffs argue that Brodeur's failure to act falls under the "discrete person/imminent harm" exception to the doctrine of governmental immunity. For this exception to apply, the plaintiff must allege facts sufficient to support a finding that 1) the plaintiff's were identifiable persons and that 2) the plaintiffs were subject to imminent harm. Shore v. Stonington,187 Conn. 147, 156, 444 A.2d 1379 (1982). The plaintiffs have failed to allege a factual basis to support a finding that they were identifiable persons.[5]
"The `discrete person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon v. Andrews, supra, 211 Conn. 507. The court inEvon held that "[t]he class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of identifiable persons . . . ." Id., 508. Furthermore, the court in Shore v. Stonington held that a person who was killed by an intoxicated driver, fifty minutes after the driver was stopped and warned by a police officer, was not an identifiable victim. Shore v. Stonington, supra, 187 Conn. 156. The Shore court noted that "[t]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." Id., 157.
The plaintiffs have alleged that Amos and Lockhart were lawfully on the sidewalk when the tree limb fell. This allegation does not support a finding that the plaintiffs, as opposed to other persons legally on the sidewalk, were identifiable to the defendant. Accordingly, the plaintiffs do not allege a sufficient factual basis to support a finding that they were "discrete persons."
In their memorandum in opposition to the motion to strike, the plaintiffs do not address the issue of whether Amos and Strickland were identifiable victims. Instead, their argument is limited to whether the decaying tree limb imposed an imminent harm. Nevertheless, the court addresses the question of whether the plaintiffs, as pedestrians, may fall within an identifiable class of persons. CT Page 4018
The "imminent harm/discreet person" exception has been construed "to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims."Burns v. Board of Education, 228 Conn. 640, 646, 638 A.2d 1
(1994). The plaintiffs, however, failed to allege any facts that, if true, would support a finding that Amos and Lockhart, as pedestrians, were members of a "narrowly defined identified class of foreseeable victims." Furthermore, the superior courts have held that travelers on a particular road do not present an identifiable class of victims.
In Sousa v. Town of Brookfield, Superior Court, judicial district of Danbury, Docket No. 307588 (May 27, 1992, Fuller, J.), the plaintiff claimed that the city was negligent because it failed to place a stop sign at an intersection where the plaintiff was injured in a collision. The plaintiff argued that the "discrete person/imminent harm" exception applied to these facts. The court disagreed with the plaintiff and held that "[t]his narrow exception does not apply because the plaintiff was among many, not specifically identifiable persons who might pass through the intersection. . . ."
Additionally, in Stevens v. DiLieto, Superior Court, judicial district of New London at New London, Docket No. 515353 (January 24, 1992, Hendel, J.), the court rejected the plaintiffs' argument that their decedents, as travelers on a specific portion of Chapel Street in New Haven, clearly fall within that class of identifiable members of the public to which the exception of governmental immunity applied.
Accordingly, Amos and Strickland, as pedestrians, cannot be considered to be members of a readily identifiable class of victims.
Thus, because the "discrete person/imminent harm" exception to governmental immunity does not apply, Brodeur cannot be held liable for negligence. Furthermore, because Brodeur cannot be held liable, the city of Hartford cannot be held liable for indemnification. The defendants' motion to strike counts four through nine is granted.
Mary R. Hennessey, Judge