[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants named in each of counts one, two, three, four, seven and eight have moved for summary judgment.
On April 12, 1997, the plaintiffs, Mustafa Shaham, in his capacity as Administrator of the Estate of Bassan Shaham and, individually, and Fahmiea Shaham, individually, filed a second amended complaint seeking damages arising out of their son's death.
The complaint alleges that on September 23, 1993, the "teenage decedent," as the complaint describes him, intentionally ingested a large quantity of medications in an attempt to commit suicide; upon discovery of his condition, family members called the Newtown Police Department requesting assistance in transporting him to a hospital for emergency medical treatment. The defendants, Wheeler and Bahamonde, both Newtown police officers (hereinafter "officers") responded to the call for assistance. Shaham family members informed the officers of that which the decedent had ingested and requested that he be transported to a hospital. It is further alleged that instead of taking Bassan to a hospital, the officers took him into custody and brought him to the Newtown Police Headquarters. While he was in custody at the police station, police personnel contacted the Newtown Volunteer Ambulance Association (hereinafter "EMTs"), to respond to a drug overdose complaint.[1] Shortly thereafter, the EMTs diagnosed Bassan as having sustained a clinical drug overdose. CT Page 2580
After making this diagnosis, none of the representatives of the police or the ambulance service transported the decedent to the hospital. Subsequently, representatives from the Newtown police department dropped the decedent off at a local parking lot. Approximately five hours later, he began to suffer from the effects of the overdose and was transported by ambulance to the hospital, where he soon died of acute colchicine toxicity.
The plaintiffs allege, inter alia, that Bassan Shaham's death was proximately caused by the negligence and gross negligence of the officers in counts one and three, respectively, and by the negligence of the Town of Newtown in count seven, and the gross negligence of the EMTs in counts five and six. In count eight, the plaintiffs allege that the negligent and grossly negligent conduct of the parties caused the plaintiffs severe emotional distress. The final two counts, two and four, allege statutory claims against the Town of Newtown pursuant to General Statutes § 7465.
On September 19, 1997, the officers and the Town filed this motion for summary judgment as to counts one, two, three, four, seven and eight of the second amended complaint. In a memorandum, the defendants make the following arguments: (1) As to counts one, two, and seven, sounding in negligence, the defendants and the town of Newtown are immune from suit based on the doctrine of governmental immunity; (2) as to counts three and four, sounding in gross negligence, summary judgment should be granted because gross negligence is not actionable under Connecticut law; and (3) as to count eight, sounding in negligent infliction of emotional distress, summary judgment is sought because no facts can be shown to support a finding of emotional distress. The defendants have filed with their memorandum of law their own affidavits.
In opposition, the plaintiffs have filed a memorandum of law with the affidavit of decedent's administrator.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts CT Page 2581 which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805-06, 679 A.2d 945 (1996). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379, 260 A.2d 596 (1969).
"A determination of negligence is necessarily one of fact."Maffucci v. Royal Park Ltd. Partnership, 42 Conn. App. 563, 568-69,680 A.2d 333 (1996), cert. granted, 240 Conn. 948,692 A.2d 813 (1997). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984).
 I COUNTS ONE, TWO AND SEVEN, SOUNDING IN NEGLIGENCE
In the defendants' memorandum, they argue that governmental immunity precludes them from being held liable for Bassan's death. "A municipality's . . . liability for its tortious acts is limited by the common law principle of governmental immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts." (Citation omitted.) Heigl v.Board of Education, 218 Conn. 1, 4, 587 A.2d 423 (1991). The starting point in determining whether a municipality enjoys governmental immunity, thus shielding it from liability, is an analysis of the "public duty doctrine." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). Under the public duty doctrine, "the court looks to see whether there is a public or private duty alleged by the plaintiff." Id.
"[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages." (Internal quotation marks omitted.) Id., at 166. "In the application of [the public duty doctrine], the CT Page 2582 problem is always to determine whether the [action], involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." (Internal quotation marks omitted.) Roman v.Stamford, 16 Conn. App. 213, 220, 542 A.2d 97 (1988) aff'd,211 Conn. 396, 559 A.2d 710 (1989).
In the present case, the officers, in responding to an alleged suicide attempt, were performing a private duty to an individual, as opposed to a duty to the public at large. See,Brown v. Dooling, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 032598 (August 14, 1995, Skolnick, J.). "[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordon v. Bridgeport Housing Authority, supra,208 Conn. at 170. "Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . [which] are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . In contrast, `[m]insterial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716, 727, 643 A.2d 1226
(1994). "[W]here the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal." Shorev. Stonington, 187 Conn. 147, 153, 444 A.2d 1379 (1982).
The plaintiffs argue, inter alia, that the officers had a ministerial duty to take the decedent to the hospital, because they knew or should have known that the decedent's life was in danger. "The operation of a police department is a discretionary
governmental function, and acts or omissions related to police functions ordinarily do not give rise to liability on the part of the municipality or a cause of action in tort against it." (Emphasis added.) Gonzalez v. City of Bridgeport, Superior Court, CT Page 2583 judicial district of Fairfield at Bridgeport, Docket No. 253464 (June 4, 1993, Fuller, J.) citing Gordon v. Bridgeport HousingAuthority, supra, 208 Conn. 179, 180. Here, the officers were dispatched to investigate a call regarding an alleged suicide attempt. In responding to the call, the officers' actions were dearly related to police Functions. Further, no statute or rule of law prescribed how the officers were to act in responding to the call. The officers' acts were discretionary, not ministerial.
Although a municipal employee is generally entitled to immunity from liability for the performance of discretionary acts, there exist three recognized exceptions, the first of which is germane here: "[W]here the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. . . ."Mulligan v. Rioux, supra, 229 Conn. at 728. Plaintiffs urge that it was apparent that the officers' failure to take decedent to the hospital would subject him to imminent harm. Connecticut courts have given limited recognition to the identifiable person/imminent harm exception to the general rule of governmental immunity for employees engaged in discretionary activities. Evon v. Andrews, 211 Conn. 501, 507, 559 A.2d 1131
(1989); Gonzalez v. City of Bridgeport, supra, Superior Court, Docket NO. 253464. Then, the issue of whether it should be apparent to the officer that failure to act will subject an identifiable person to imminent harm is an issue of fact for the trier. Brownv. Dooling, supra, Superior Court, Docket NO. 032598. Here, the defendants not only had identified the decedent but also had taken him into a form of custody.
The defendants' motion for summary judgment as to counts one, two and seven is denied.
 II COUNTS THREE AND FOUR, SOUNDING IN GROSS NEGLIGENCE
In support of their summary judgment motion as to count three, the defendants argue that police officers engaged in emergency aid cannot be held liable for gross negligence pursuant to General Statutes § 52-557b (b).[2] It is well established, that Connecticut courts do not recognize a cause of action for gross negligence at common law. See, Decker v. Roberts,125 Conn. 151, 157 (1939); "Gross negligence has never been recognized in this state as a separate basis of liability in the CT Page 2584 law of torts." Further, the Superior Courts have rejected the assertion that General Statutes § 52-557b, "the good samaritan statute," has created a cause of action in gross negligence.[3] See Croteau v. American Medical Response, Superior Court, judicial district of New Haven at Meriden, Docket No. 256039 (June 4, 1997, DiPentima, J.); see also, Shaham v.Wheeler, Superior Court, judicial district of Danbury, Docket No. 321879 (January 2, 1997, Moraghan, J.). As a result, it does not appear that § 52-557b should be deemed to create a cause of action in gross negligence. The defendants' motion for summary judgment as to counts three and four is granted.
 III COUNT EIGHT, SOUNDING IN NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
The defendants' argue that the plaintiffs have failed to assert a claim for bystander emotional distress. In this count, however, plaintiffs' attempt to assert a claim for negligent infliction of emotional distress, not bystander emotional distress. In order to press a negligent infliction of emotional distress claim, a plaintiff must allege facts showing that the defendant negligently breached a duty owed to the plaintiff.Montinieri v. Southern New England Telephone Co., 175 Conn. 337,341, 398 A.2d 1180 (1979). " `The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand.'" Zamstein v.Marvasti, 240 Conn. 549, 558, 692 A.2d 781 (1997). The test to determine whether a legal duty exists "entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would `anticipate that harm of the general nature of that suffered was likely to result,' and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Citation omitted.) Id. Further, to state a cause of action for the negligent infliction of emotional distress "the plaintiff has the burden of pleading that `the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.'" Parsons v United TechnologiesCorp., 243 Conn. 66, 88 (1997). CT Page 2585
In the present case, it must be determined whether the parents of a deceased teenager may assert a cause of action for negligent infliction of emotional distress against police officers, whose alleged negligence caused the teenager's death. To assert such a claim, the plaintiffs first must establish that the officers owed them a duty.
In Doe v. Cuomo, 43 Conn. Sup. 222 (1994), the court allowed the parents of a minor child who was sexually assaulted to maintain a claim of negligent infliction of emotional distress against the assailant. The plaintiff parents alleged that their minor daughter was a guest in the defendant's home and that they had entrusted their daughter to the defendant's care. The court found that defendant owed a duty to the plaintiff parents, and that an implied contract existed containing the condition that one entrusted with the care of a child will not assault the child.
Here, plaintiffs assert that they telephoned the Newtown Police department and requested assistance in transporting the decedent to a hospital for emergency medical care. Thereafter, it is alleged, the officers arrived, took the decedent into custody and brought him to police headquarters. The plaintiffs' pleadings adequately allege that the plaintiffs entrusted their son's care to the defendants, who ostensibly undertook such endeavor. Therefore, a duty existed between the defendants and the plaintiff parents and the plaintiffs have adequately pleaded a breach of that duty.
Whether the defendants knew or should have known that their conduct involved an unreasonable risk of causing distress to the plaintiff parents, and whether the defendants should have realized that distress, if caused, might result in illness or bodily harm to the plaintiffs are factual issues to be determined by the jury, which have not been taken out of dispute by the papers of the parties. Thus, the defendants' motion for summary judgment as to count eight is denied.
Nadeau, J.