[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#111)
The plaintiff, Bankers Trust Company, filed a foreclosure action against the defendants, Frank and Mary Dexter, on February 24, 1998, for defaulting on a note secured by a mortgage for the purchase of 130 Rainbow Road, Bridgeport, Connecticut. The CT Page 14377 defendants filed an answer on July 29, 1998 in which they alleged four special defenses based on unconscionability, fraud, breach of the implied covenant of good faith and fair dealing, and violation of the Connecticut Unfair Trade Practices Act (CUTPA). In addition, the defendants filed a counterclaim against the plaintiff alleging fraudulent misrepresentation and violations of the federal Real Estate Settlement Procedures Act (RESPA), the federal Truth-in-Lending Act (TILA) and CUTPA.
On September 24, 1998, the plaintiff filed a motion to strike the defendants' special defenses and counterclaim. Memoranda in support and opposition were filed by the parties.
"A motion to strike challenges the legal sufficiency of a pleading." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992). "A motion to strike . . . may properly be used to challenge the sufficiency of a counterclaim." Fairfield LeaseCorp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985). In addition, the issue of the legal sufficiency of a special defense to a cause of action may be tested by a motion to strike. See Connecticut National Bank v. Voog, 233 Conn. 352,354, 658 A.2d 172 (1995). "[T]he trial court [is] obliged . . . to assume the truth of the allegations contained in the defendants' special defenses and counterclaim." (Internal quotation marks omitted.) Ivey, Barnum O'Mara v. Indian HarborProperties, Inc., 190 Conn. 528, 530 n. 2, 461 A.2d 1369 (1983).
The plaintiff moves to strike special defenses one through three on the ground that they allege mere legal conclusions and special defense four on the ground that it is legally insufficient. The plaintiff argues that all four of the special defenses are legally insufficient because they allege legal conclusions without sufficient facts. The defendants argue that their special defenses are recognized defenses to a foreclosure action and that their special defenses attack the making, validity or enforcement of the mortgage/note.
"The legal conclusions or opinions stated in [a] special defense are not deemed admitted, but rather must flow from the subordinate facts provided." County Federal Savings LoanAssociation v. Eastern, 3 Conn. App. 582, 586, 491 A.2d 401
(1985). "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., CT Page 14378224 Conn. 210, 215, 618 A.2d 25 (1992).
All four special defenses contain the legal conclusion that the plaintiff has no cause of action without supporting facts.[1] Therefore, the court grants the plaintiff's motion to strike all four special defenses because they fail to allege sufficient facts.
The plaintiff moves to strike the defendants' counterclaim on the ground that it is legally insufficient. The plaintiff argues that: (1) neither the RESPA nor TILA claims arise out of the same transaction as the complaint; (2) an appraisal performed by the mortgagee for the benefit of the mortgagee may not constitute the basis of a counterclaim; (3) neither RESPA nor TILA form the basis for a CUTPA claim: (4) the defendants have failed to allege any facts concerning agency; and (5) the defendants have failed to allege facts showing the plaintiff's involvement in the alleged acts in the counterclaim.
First, the plaintiff argues that the RESPA and TILA claims do not address the making, validity or enforcement of the note or mortgage at issue and therefore these claims do not arise from the same transaction as the complaint. The defendants argue that they have pled sufficient facts to meet the transactional test standard for a valid counterclaim.
"The transaction test is one of practicality . . . Where the underlying purposes of Practice Book § 116 [now Practice Book (1998 Rev.) § 10-10)], to wit, judicial economy, avoidance of multiplicity of litigation and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim], the [counterclaim] may properly be expunged." (Internal quotation marks omitted.)Mechanics Savings Bank v. Townley Corp. , 38 Conn. App. 571, 574,662 A.2d 815 (1995).
"An analysis of those cases recognizing . . . counterclaims [to foreclosure actions] suggest that they are proper only when they . . . attack the note itself, rather than some act or procedure by the [mortgagee] . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage . . ." (Internal quotation marks omitted.) Home Savingsof America, Inc. v. Newkirk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150962 (January 5, 1998) CT Page 14379 (Hickey, J.). See also State Street Bank Company v. Gigola, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 058084 (April 2, 1998) (Curran, J.).
The plaintiff, in its memorandum of law, summarily states that the allegations in the counterclaim made pursuant to RESPA and TILA do not address the making, validity or enforcement of the note. The plaintiff therefore concludes that these claims do not meet the transaction test in Practice Book § 10-10. The defendants, however, argue that these claims are proper in a counterclaim because RESPA and TILA claims can be raised as separate actions.
In order for a counterclaim to arise from the same transaction as the complaint in a foreclosure action, it must arise from "the execution of a note and mortgage and a subsequent default thereof." Knutson Mortgage Corp. v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997) (West, J.).
The defendants' RESPA and TILA claims arise out of the making of the note and mortgage and, therefore, arise from the same transaction as the complaint. The defendants allege in their counterclaim that the RESPA and TILA violations occurred in connection with the defendants' loan application and the overall loan transaction. (Defendants' Counterclaim, ¶ 8.) These allegations go to the making and validity of the note/mortgage.[2] The plaintiff's motion to strike the defendants' counterclaim on this basis is denied.
Second, the plaintiff argues that "an appraisal conducted by a mortgagee for its own benefit cannot be the context for a claim by the mortgagor." (Plaintiff's Memorandum of Law in Support of Its Motion to Strike, p. 14.) The defendants argue that the plaintiff mischaracterizes their allegations regarding the fraudulent appraisal. The defendants argue that the allegations charge the plaintiff with fraud in both an independent cause of action and as an element of the defendants' CUTPA claim.
The elements of fraud are that "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman,Trustee v. Kaspar, 233 Conn. 531, 539, 661 A.2d 530 (1995). CT Page 14380
When read in the light most favorable to the pleader, the defendants' factual allegations may state a cause of action for fraud. The defendants allege that the appraisal obtained by the plaintiff reflected a false amount and was based on deceptive information, that the plaintiff knowingly used the false appraisal to reflect the purchase price of the property in issue, that the false appraisal was used in order to deceive the defendants into entering into the loan at issue and that the defendants did so enter into the loan and were injured as a result. (Defendants' Counterclaim, ¶¶ 13, 14, 16 and 17.) These allegations state a cause of action in fraud. Therefore, the court denies the plaintiff's motion to strike on this basis.
Third, the plaintiff argues that neither RESPA nor TILA may form the basis of a CUTPA claim. The defendants argue that TILA has already been recognized by the Connecticut Supreme Court as a basis for finding a violation of CUTPA.
In Security Pacific National Bank v. Robertson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 124622 (August 28, 1997) (Hickey, J.), the court addressed a claim for violation of CUTPA based on RESPA. Although the court found as a matter of law that no RESPA violation had occurred and did not reach the CUTPA claim, the court clearly considered that a violation of RESPA could constitute a violation of CUTPA. Id. The plaintiff has cited no case law to the contrary. Thus RESPA may form the basis of a CUTPA claim.
In Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80,612 A.2d 1130 (1992), the Connecticut Supreme Court held that a plaintiff's violation of TILA, along with a violation of a state statute, constituted an unfair trade practice in violation of CUTPA. Accordingly, a violation of TILA may be the basis of a violation of CUTPA, especially when combined with the violation of another established public policy. Therefore, the court denies the motion to strike on this basis.
Fourth, the plaintiff argues that the defendants have alleged no facts indicating an agency relationship between the plaintiff and Dave Miller d/b/a Dave Miller Builder, LLC. The defendants argue that they have adequately alleged that Dave Miller d/b/a Dave Miller Builder, LLC acted as an agent for the plaintiff.
The defendants allege that "Dave Miller d/b/a Dave Miller CT Page 14381 Builder, LLC, held himself out to be an agent of the Plaintiff in placing of mortgage loans within the state of Connecticut." (Defendants' Counterclaim, ¶ 3.) The defendants also allege that "[a]cting as an agent for the Plaintiff, Dave Miller d/b/a Dave Miller Builder, LLC, accepted the Defendants' application for a first mortgage loan to the Plaintiff." (Defendants' Counterclaim, ¶ 5.) Finally, the defendants allege that "Dave Miller d/b/a Dave Miller Builder, LLC, had the Defendants complete a one-page customer application which he submitted to the Plaintiff for the purposes of qualifying the Defendants for a first mortgage loan to be secured by the property known as 130 Rainbow Road, Bridgeport, Connecticut." (Defendants' Counterclaim, ¶ 6.)
These allegations, when construed in the manner most favorable to the pleader, allege sufficient facts regarding agency. Therefore, the plaintiff's motion to strike the defendants' counterclaim on this basis is denied.
Finally, the plaintiff argues that it is not liable because it is only the assignee of the original mortgagee, not the originator of the loan. The plaintiff argues that, therefore, it is not responsible for the conduct alleged in the counterclaim. The defendants argue that the plaintiff ignores the fact that it is acting as trustee for the originator of the loan at issue and that the transferring of the loan to a trustee does not relieve the trustee from liability for the actions of the originator of the loan.
The plaintiff's argument relies on facts outside the pleadings and therefore constitutes an improper speaking motion. The court is "limited to the facts alleged in the [pleadings]."Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged . . . Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the [defendants'] pleadings, the [plaintiff] must await the evidence which may be adduced at trial, and the motion [to strike] should be denied." (Citations omitted; internal quotation marks omitted.) LiljedahlBrothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990).
The defendants' counterclaim alleges no facts concerning assignment or how the plaintiff became the holder of the mortgage CT Page 14382 and note. Thus, there are no factual allegations of assignment which the plaintiff can attack. Therefore, the plaintiff's motion to strike the defendants' counterclaim on this ground is denied as an improper "speaking" motion.
The plaintiff's motion to strike the defendants' special defenses is granted because they state legal conclusions and fail to plead factual allegations. However, the plaintiff's motion to strike the defendants' counterclaim is denied as it states a claim or claims upon which relief can be granted and is therefore legally sufficient.
BALLEN, J.