[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES (#110)
 FACTS
On May 26, 1999, the plaintiff, First Nationwide Mortgage Corporation filed a complaint in one count seeking foreclosure and possession of the premises owned by the defendants, Sharon R. Murphy and Joanne L. Burruano, located at 20 Bellevue Place in New London. The plaintiff also seeks money damages, attorney's fees, interest, costs, and a deficiency judgment.
According to the complaint, the plaintiff is an assignee of a note and mortgage executed by the defendants to Security Funding Leasing Corp. on February 2, 1996. The defendants allegedly CT Page 15009 mortgaged property located at 23 Patrick Place, East Lyme, Connecticut, to Security Funding Leasing Corp. in exchange for a loan in the amount of $153,000.00. As a result of various subsequent assignments, the plaintiff now allegedly owns and holds the note and mortgage. On February 26, 1999, the plaintiff filed a motion for judgment of strict foreclosure, alleging that the defendants have an unpaid balance of $144,875.34 in principal, plus accrued interest from August 7, 1998 to the present at the yearly rate of eight and one half percent (8.5 %), plus late charges due prior to acceleration and any other amounts found due under the subject mortgage on account of inspections, property preservation and the like.
The defendants filed an answer and four special defenses on April 9, 1999. The plaintiff filed a motion to strike all four special defenses on April 19, 1999 and a memorandum of law in support. On May 12, 1999, the defendants filed an objection to the plaintiff's motion to strike and a memorandum of law in support.
 II. DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a)(5). "In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
 Special Defenses
The defendants allege in their first special defense that they have tendered payment which the plaintiff has refused to accept. The second special defense alleges that the plaintiff has refused to reinstate the mortgage in accordance with the terms of the note and mortgage. The third special defense alleges that the plaintiff has failed to comply with the terms of the note and mortgage. Lastly, the fourth special defense alleges that the plaintiff's conduct as referenced in the first three special defenses makes the instant foreclosure action inequitable and the CT Page 15010 plaintiff should be barred from a judgment of foreclosure.
The plaintiff moves to strike the first, second and third special defenses on the ground that they are each insufficient as a matter of law in that they allege insufficient facts to constitute a special defense pursuant to Practice Book §10-39(a)(5). Additionally, the plaintiff moves to strike the fourth special defense on the ground that it is premised upon the first three special defenses, which are factually insufficient pursuant to § 10-39 (a)(5).
"At common law, the only defenses to an action of [foreclosure] . . . would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Internal quotation marks omitted.) Southbridge Associates, LLCv. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied,249 Conn. 919, ___ A.2d ___ (1999). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident[,] fraud, equitable estoppel, CUTPA, laches[,] breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some action or procedure of the lienholder. . . ." (Internal quotation marks omitted.) Federal National Mortgage v. Mallozzi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.); see also SouthbridgeAssociates, LLC v. Garofalo, supra, 15-16. This court has previously recognized these defenses as well. See Helmand v.Shasha, Superior Court, judicial district of New London at New London, Docket No. 545938 (March 18, 1999, Martin, J.). Moreover, this court recognizes that "the equitable nature of foreclosure demands that the court consider all circumstances to ensure that complete justice is done between the parties." (Internal CT Page 15011 quotation marks omitted.) Helmand v. Shasha, supra, Superior Court, Docket No. 545983.
In the present case, however, the plaintiff is not alleging that the defendants' special defenses are invalid as defenses in a foreclosure action. Rather, the plaintiff essentially argues that the form of the special defenses fails to comply with the requirements as set forth in the Practice Book, and as such, the special defenses must fail. Section 10-1 of the Practice Book provides: "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." Practice Book § 10-1. Additionally, §10-50 provides: "No facts may be proved under either a general or special denial except as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." Practice Book § 10-50. For it is well established that "`[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action.'" Danbury v. DanaInvestment Corp. , 249 Conn. 1, 17, 730 A.2d 1128 (1999), quotingGrant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).
"The fact that in a special defense one must plead facts which are consistent with the allegations of the complaint does not relieve the defendants of the duty of providing the plaintiff with a plain and concise statement of the material facts on which they rely. It does not enable the defendants to incorporate the factual claims of the plaintiff without stating them . . . ." SunCompany, Inc. v. Greg Todd, Inc., Superior Court, judicial district of Hartford, Docket No. 577958 (January 25, 1999, Hale,J.) (23 Conn. Rptr. 9, 305). Thus, "[where] no information is provided as to what actions or lack thereof the defendants rely on," a motion to strike is properly granted. Id.; see alsoBankers Trust Company v. Dexter Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351023 (December 15, 1998,Ballen, J.) (23 Conn. L. Rptr. 471, 472).
In the present case, none of the special defenses contain a factual predicate upon which they are based. The first special defense contains no information as to when payments were tendered and refused. The second special defense fails to allege facts relative to the plaintiff's refusal to reinstate the mortgage. The same is true of the third defense, which merely alleges that CT Page 15012 the plaintiff has failed to comply with the terms of the note and mortgage, but does not specifically state which provisions were not complied with. Lastly, the fourth special defense, claiming that the plaintiff's conduct makes the present foreclosure action inequitable, relies on the actions of the plaintiff as alleged in the first three special defenses. Since this court finds that the defendants have not alleged facts in their first three special defenses sufficient to withstand the plaintiff's motion to strike, the fourth special defense necessarily must be stricken as well.
The Practice Book places an affirmative duty on a defendant pleading a special defense to state upon which facts he relies. The defendants in the present case have failed to provide any factual basis upon which they rely. Accordingly, the plaintiff's motion to strike the defendants' four special defenses is granted.
Martin, J.